**STATE of Missouri, Respondent,**

v.

**Arthur JONES, Appellant.**

No. 55873.

Supreme Court of Missouri, Division No. 1.

Feb. 8, 1971.

John C. Danforth, Atty. Gen., Thomas H. Stahl, Asst. Atty. Gen., Jefferson City, for respondent.

Dewey S. Godfrey, St. Louis, for appellant.

HOUSER, Commissioner.

Arthur Jones has appealed from a jury conviction and court sentence of 7 years' imprisonment for illegal possession of marijuana.

The only point raised on this appeal is the alleged error of the trial court in not sustaining an objection to the circuit attorney's remarks in closing argument relating to defendant's failure to produce witnesses on his behalf. We find no error in the ruling of the court, which was made in this general factual background:

Eight police officers, accompanied by two police dogs, entered a pool hall in the City of St. Louis in which sixty black males were playing pool or standing around. One of the officers disconnected the jukebox and the pinball machine, announced that they were St. Louis police officers, and ordered the sixty to move over against the wall on one side of the room. Officers Happe and Kurlander observed Arthur Jones standing at the wall, with his hand in his pocket. They saw him take his hand out of his pocket "rather abruptly" according to Kurlander, remove something from his pocket, place his hand by his side, and open his hand. Three manila envelopes fell from his hand to the floor at his feet. Officer Happe picked up the envelopes, examined the contents, found therein a green vegetable substance which upon subsequent laboratory examination proved to be marijuana. Jones was placed under arrest. Debris removed from the right and left pockets of his trousers, examined at the laboratory, contained dried leaf fragments of marijuana. Defendant did not testify and produced no witnesses in his behalf.

During the circuit attorney's final summation to the jury he made the following argument, the italicized portion of which appellant excepts to:

"Evidence, evidence which you have seen and heard, and Mr. Casey [defendant's attorney] just informed you he has none. Assume for one moment that was true, what he wants you to believe, not because of any evidence of it, because he has—he says he doesn't know why the officer

would lie. I tell you there is not one demonstrated reason why. He said there were people out there and that is quite correct, some sixty people there. If Mr. Casey were sincere the man in the poolroom playing pool or something, he must have had one friend there, one friend, if not a bunch. *He must have had one friend to play pool with somebody, and Mr. Casey knows he is not going to get anybody to come in here and perjure themselves.*

"MR. CASEY: I object to that.

"THE COURT: What was that?

"MR. CHANCELLOR: I said he could have brought in witnesses.

"(The record was read by the reporter).

"THE COURT: Overruled. You may proceed."

Citing Rothschild v. Barck, 324 Mo. 1121, 26 S.W.2d 760; State v. Collins, 350 Mo. 291, 165 S.W.2d 647; State v. Houston, Mo.Sup., 451 S.W.2d 37, appellant claims that a party has no right to complain of the failure of the opponent to produce witnesses equally available to both parties; that there was a greater probability that the witnesses were available to the State than that defendant knew their names and addresses; that "the witnesses were all known by the police and/or Circuit Attorney's Office as a result of the arrests and interviews at the time of the arrest"; that the prosecutor's argument allowed the jury to draw the inference that the testimony if offered would be unfavorable to defendant, or that it would constitute perjury; that the court erred in not sustaining defendant's objection to the italicized remarks.

 The argument was ambiguous; what was said did not clearly raise the issue of equal availability. Nor was there any evidence upon which to base the objection. There was no evidence that appellant had been playing pool. There was no evidence that any of the habitues of the pool hall were friends of appellant who bore a special relationship to him as a result of

which that person would have been expected to testify in his favor. There was no showing that anyone in the pool hall knew that appellant had no marijuana on his person, or observed that he did not put his hand in his pocket or did not drop envelopes to the floor at the time. The ambiguous argument about the fictitious, theoretical friend was not considered by the trial court to have any significance or importance at the time the argument was made. When the matter was presented to him on motion for new trial the trial judge was not persuaded that the argument entered into the verdict to the prejudice of appellant. We reach the same conclusions. Assuming, however, that the argument had clearly raised the question of equal availability and had been objectionable, the general objection "I object to that," without counsel stating any ground or reason in support of his objection, would not have been sufficient to preserve the question for review. Civil Rule 79.01, V.A.M.R., which by the operation of Criminal Rule 28.18 governs practice and procedure in criminal cases, contemplates that a party, at the time he seeks a ruling of the court on an objection, shall make known to the court the grounds of his objection. The objection must be specific and definite in order to preserve anything for appellate review. A mere "I object" is insufficient. Gilmore v. Union Construction Co., Mo.Sup., 439 S.W.2d 763, 767 [8]; McConnell v. Pic-Walsh Freight Co., Mo.Sup., 432 S.W.2d 292, 301 [17]; Hoffman v. St. Louis Public Service Co., Mo.Sup., 255 S.W.2d 736; Donley v. Hamm, Mo.Sup., 98 S.W.2d 966; Heinbach v. Heinbach, 274 Mo. 301, 202 S.W. 1123. In Donley v. Hamm, supra, counsel made this objection to an argument: "If the Court please, I object to that." This court ruled that the objection was general, stated no ground therefor, and was not sufficient to preserve anything for appellate review.

Judgment affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.