Jesse Theodore COOK, Appellant,

v.

STATE of Missouri, Respondent.

No. 57881.

Supreme Court of Missouri,
Division No. 2.

July 22, 1974.

---

James A. Dunn, Carthage, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal from the denial, after evidentiary hearing, of a motion filed pursuant to Rule 27.26, V.A.M.R., to vacate and set aside a judgment and sentence of imprisonment for a term of twenty years for assault with intent to kill with malice aforethought. We retain appellate jurisdiction pursuant to Rule 83.06.

The motion as originally filed contained nine grounds for relief, and it was later amended to add several more. However, on this appeal the brief prepared by counsel and filed in this court presents only three points. In a pro se brief appellant presents two additional points which we shall consider. All other grounds for relief alleged in the motion, as amended, are considered to have been abandoned or waived. Tucker v. State, 481 S.W.2d 10, 15 (Mo.1972).

In this first two points appellant asserts he should be granted a new trial because (1) during a recess a "member of the jury left the courtroom without permission and thus a separation of the jury occurred which was prejudicial to the defendant," and (2) during the trial "a person not a witness was in the courtroom listening to testimony and relaying what had been said to other witnesses waiting in the hallway to be called as witnesses."

We first note that there is no reference in the transcript of the trial to either event. However, appellant presented evidence at the hearing on the motion that a person by the name of Robb, who was not a witness, would listen to the testimony and then report what was said to persons outside the courtroom. Appellant's trial counsel testified that during the "early part of the trial" appellant's mother advised him that a person was going in and out of the courtroom, and "might be carrying messages to someone outside the courtroom." Appellant so advised the court who immediately banned the person from the courtroom. Counsel did not ask for other relief because, as he testified at the hearing on the motion, "I concluded that no harm had been done."

Appellant also presented evidence at the hearing on the motion that a juror was late returning from lunch, but as noted there is nothing concerning this in the transcript of the trial. No attempt was made to demonstrate any prejudice resulting from the separation. The trial court testified at the hearing on the motion that he had a "vague recollection" of a juror being late but he did not specifically recall the incident. There was no motion for a mistrial and no other relief was requested. We note that by agreement the jurors were permitted to separate overnight.

These two incidents, assuming they occurred, are at most trial errors, and are matters to be considered on direct appeal. A motion to vacate pursuant to Rule 27.26 is not a second appeal or a substitute for a motion for new trial. Tucker v. State, 481 S.W.2d 10 (Mo.1972); Davis v. State, 482 S.W.2d 468 (Mo.1972).

We add, *ex gratia,* that if presented on appeal, neither of these matters would have resulted in a reversal of the judgment. No motion for a mistrial or re-

quest for other relief was made as to either incident, and there was no mention of either in the motion for new trial. Neither constituted plain error within the meaning of Rule 27.20(c).

The remaining point in the brief prepared by counsel is that appellant should have been granted a new trial "for the reason that the original conviction was based upon false and perjured testimony." It is stated in argument: "Apparently at the previous trial on the original charge, * * * the victim of the assault was characterized as a nonprizefighter and so testified. If in fact the victim was a professional fighter it would have borne substantially on defendant's defense of self-defense. At the original trial on the charge of felonious assault the victim denied that he ever was a paid fighter." It is apparently this alleged denial that appellant now contends constituted perjury, because at the hearing on the motion the victim of the assault testified that he had wrestled professionally in 1957.

■ There are no page references in appellant's brief to the testimony in the previous trial which is claimed to constitute perjury. We have read the total testimony at that trial of the victim of the assault, and there is no testimony by him that he was or was not a professional fighter or wrestler. In fact, the subject was not mentioned on direct or cross-examination. Appellant has the burden to prove that a witness committed perjury, State v. Shields, 441 S.W.2d 719 (Mo. 1969), which he has not done in this case.

In appellant's pro se brief to this court he first contends that the trial court "unconstitutionally limited * * * the scope and nature of his cross-examination of the accusing witness." Appellant admits that State v. Shelton, 314 Mo. 333, 284 S.W. 433 (Mo.banc1926) and State v. Blevins, 425 S.W.2d 155 (Mo.1968), and other cases, hold that a judgment of conviction is not admissible for purposes of impeachment while an appeal therefrom is pending.

He contends, however, that this rule is wrong, and that the refusal to permit him to show that the victim of the assault had previously been convicted of perjury and of carrying a concealed weapon, because the judgments of conviction were pending on appeal, denied him the right of cross-examination and confrontation.

■ There is no merit to this contention for two reasons. First, while the victim of the assault was asked about previous convictions on both direct and on cross-examination, he was not asked whether he had previously been convicted of perjury or of carrying a concealed weapon. Second, if the incident had occurred, it would have been at most a trial error correctible on appeal, and not a proper subject for setting aside a judgment of conviction pursuant to a motion under Rule 27.26.

Appellant's second contention in his pro se brief is that his employed counsel was ineffective in that when he discovered that a "spy had been planted in the courtroom" he should have made an "on the spot" investigation, but instead of doing so he "treated the incident in such a nonchalant and haphazard manner as to result in a complete abdication of his duty to his client." As noted previously, appellant's trial counsel testified at the hearing on the motion that he asked for no other relief because he concluded "that no harm had been done."

■ Appellant's counsel was experienced in the trial of criminal cases, having participated in more than three hundred trials where the charge was a felony. At the time this incident occurred he knew what the prior testimony had been. In his professional judgment, and based on his experience, he concluded that no harm had resulted. Apparently he deemed it sufficient, under the circumstances, to have the practice stopped. The test of effectiveness of counsel in the constitutional sense is not whether by hindsight, after conviction, a defendant without legal training can visualize some course of action that was not

taken by his counsel. Assuming, but certainly not agreeing, that appellant and possibly others might believe that counsel should have made more out of the incident than he did, " 'mere errors of judgment or a mistaken choice of strategy by an attorney is not sufficient to support a finding of lack of effectual assistance of counsel in the constitutional sense.' " State v. Caffey, 457 S.W.2d 657 (Mo.1970). The incident here, and the handling of it by counsel, in no possible way deprived appellant of a fair trial, or denied him due process of law.

The judgment of the trial court is not clearly erroneous, and therefore is affirmed.

HOUSER, C., concurs.

PER CURIAM: The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.