**STATE of Missouri,
Plaintiff–Respondent,**

v.

**David STIMMEL, Defendant–Appellant.**

**No. 57758.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 11, 1990.

Alan W. Cohen, St. Louis, for defendant-appellant.

George R. "Buzz" Westfall, Pros. Atty., Celeste Leritz Endicott, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

KAROHL, Judge.

Defendant was found guilty and sentenced to pay a fine on the charge of driving while intoxicated. Section 577.010 RSMo 1986. On appeal defendant contends the trial court erred in admitting extrajudicial statements made by the defendant at the time of his arrest because the state failed to meet its independent burden of establishing corpus delicti. We affirm.

At trial Trooper R.S. Johnson testified that on January 19, 1989, at approximately 11:36 p.m. he received a call to respond to the site of a one vehicle accident on westbound Interstate 44. When he arrived at the scene, Johnson observed a vehicle at the edge of the westbound lane facing eastbound with its rear end in the median. He saw tire tracks leading from the eastbound lane and determined that the driver of the vehicle was heading eastbound when the car left that lane, traveled into the median, and came to a stop on the edge of the westbound lane. Johnson also observed defendant standing next to the car while two other men stood off to one side. These two men left in separate vehicles shortly after Johnson arrived.

Trooper Johnson testified that at the accident scene defendant told him he was driving the car when another car ran him off the road. Johnson noticed a "strong odor of intoxicants" on defendant's breath, his face was flushed, and his speech slurred. Johnson formed the opinion the defendant was intoxicated, placed him under arrest for driving while intoxicated and advised him of his Miranda rights. There-

after, defendant admitted to driving the vehicle after consuming three mixed alcoholic drinks.

Prior to trial defendant filed a motion in limine to suppress his extrajudicial admissions which the trial court overruled. Trooper Johnson's testimony regarding defendant's statements was admitted into evidence without objection. Thereafter, defendant renewed his motion to suppress and filed a motion for a new trial. The court overruled both motions.

The sole issue on appeal is whether the trial court erred in failing to grant defendant's motion to suppress all extrajudicial admissions because the state failed to meet its burden of proving corpus delicti. We affirm.

■ A pretrial ruling on a motion in limine is interlocutory in nature. *State v. Dee*, 752 S.W.2d 942, 946 (Mo.App.1988). The court may modify a pretrial ruling if the parties produce additional evidence at trial which necessitates exclusion of the evidence in controversy. *Id.* A motion in limine does not relieve a defendant of the duty to make timely objection at trial. *State v. Sims*, 764 S.W.2d 692, 694 (Mo. App.1988). When a motion to suppress evidence is denied and the evidence is subsequently offered, the defendant must object at trial in order to preserve his arguments for appellate review. *State v. Ethelbert*, 611 S.W.2d 379, 380–381 (Mo.App. 1981).

Here defendant filed a motion in limine to suppress his extrajudicial statements concerning whether he was driving the automobile and whether he was drinking. The court overruled the motion. Defendant subsequently failed to object when Trooper Johnson testified to the statements. Thus, defendant failed to preserve his argument on appeal and there is nothing for us to review.

■ Although this fully disposes of the appeal, we believe the state adequately established corpus delicti rendering defendant's extrajudicial statements admissible. It is well settled in Missouri that "unless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extrajudicial admissions, statements or confessions of the accused are not admissible in evidence...." *State v. Summers*, 362 S.W.2d 537, 542 (Mo.1962); *State v. Johnston*, 670 S.W.2d 552, 554 (Mo.App.1984). Evidence of the particular defendant's criminal agency is not required as part of the corpus delicti. *State v. Wood*, 596 S.W.2d 394, 402 (Mo. banc 1980), *cert. denied* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). Independent evidence of circumstances which "correspond and interrelate" with the circumstances described in the statement or confession are sufficient to prove corpus delicti. *State v. Litterell*, 800 S.W.2d 7, 10 (Mo.App.1990).

■ The corpus delicti of driving while intoxicated, § 577.010 RSMo 1986, consists of evidence that someone operated a motor vehicle while intoxicated. *Litterell*, at 10. "Operating" for purposes of § 577.010 means "physically driving or operating or being in actual physical control of a motor vehicle." *State v. O'Toole*, 673 S.W.2d 25, 27 (Mo. banc 1984). Thus, defendant who is in a position to regulate the vehicle's movements is "operating" the vehicle. *Id.*

In *State v. Johnston*, 670 S.W.2d 552 (Mo.App.1984) the appellant was convicted at trial of driving while intoxicated. On appeal he argued the testimony of the arresting officer regarding extrajudicial statements made at the time of arrest were inadmissible because the state failed to produce independent proof of the corpus delicti. *Id.* at 553. The officer testified he arrived on the accident scene to find appellant sitting in the car, which was stuck in a ditch with its rear end near or on the road. *Id.* The fence next to the ditch was damaged at a point corresponding with the car's position. *Id.* The officer testified there were sixty-two or sixty-three feet of skid marks and tire tracks leading from the road to the car. *Id.* The officer stated the appellant's eyes were bloodshot, his speech slurred, and he smelled of intoxicants. *Id.* at 554. Over the objections of appellant

the officer further testified appellant said he lost control of the car due to wet pavement and he was drinking. *Id.*

In its ruling the *Johnston* court took note of the fence damage and tire tracks leading from the pavement to the vehicle in the ditch. *Id.* at 555. It found this evidence sufficient to establish that someone driving the car skidded off the road into the ditch. *Id.* The court ruled this evidence alone sufficient to allow admission of appellant's statements into evidence. *Id.* In dicta the court noted there was independent evidence pointing to appellant as driver. This evidence included the fact appellant was sitting behind the wheel of the car in an attempt to remove the car from the ditch. *Id.* However, the court deemed this evidence "inessential" in reaching a determination of the admissibility of appellant's statements. *Id.*

We find the decision in *Johnston* is persuasive. In concluding the state sufficiently proved corpus delicti, the *Johnston* court relied only on evidence indicating that *someone* operated and subsequently lost control of a motor vehicle. The court deemed evidence showing appellant to be the driver as unnecessary to the determination. In the instant case Trooper Johnson testified he saw a car stopped on the edge of the westbound lanes of the interstate with its rear end in a grassy median. He further testified tire tracks leading from the eastbound lanes across the median to the westbound lanes corresponded with the car's position in the median. This testimony is sufficient independent evidence to support a finding that someone was operating a motor vehicle within the ambit of § 577.010 RSMo 1986. Furthermore, the testimony is evidence of circumstances which "correspond and interrelate" with defendant's statement that he was driving the car when another car ran him off the road. *See Litterell,* 800 S.W.2d 7. Thus, defendant's statement he was driving the vehicle is admissible.

Although the *Johnston* court did not specifically discuss the necessity of independent proof of the appellant's intoxicated condition, we find there is independent proof in the present case to show defendant was drinking at the time of the accident. Trooper Johnson testified to the defendant's slurred speech and flushed face. He also stated the defendant smelled of intoxicants. From these observations Johnson formed an opinion the defendant was intoxicated. This testimony is sufficient independent proof of circumstances which "correspond and interrelate" with defendant's admission he consumed three mixed drinks earlier in the evening. Defendant's statements concerning drinking were, therefore, properly admitted.

Finally, we note the independent evidence pointing to defendant as the driver of the automobile. Trooper Johnson testified when he arrived on the scene there were three cars and three men at the site of the accident. Soon after the officer's arrival, two of the men left in two of the cars leaving only the defendant and the car in the grassy median. We find this adequate to infer defendant was driving the vehicle.

Affirmed.

PUDLOWSKI, P.J., and GRIMM, J., concur.