**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Thomas W. TILLMAN, Jr.,**
**Defendant/Appellant.**

**No. 59428.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 29, 1991.

Allen D. Kircher, Donald A. Baerveldt, St. Charles, for defendant/appellant.

William J. Hannah, John Davis, Asst. Pros. Attys., St. Charles, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant was convicted in a jury-waived trial of driving while intoxicated, § 577.010, RSMo 1986, and failure to drive within a single lane, § 304.010, RSMo 1986. He was fined $150 for DWI and $50 for failing to drive in a single lane. He appealed both convictions but withdrew his appeal on the lane violation charge. We affirm.

On December 28, 1989, Frontenac Police Chief Benjamin Branch was traveling west on Route N in St. Charles County. As he approached an S-curve near the intersection of Route N and Hopewell Road, he saw a red Jeep traveling toward him, eastbound in his westbound lane. As they neared one another, the Jeep veered back toward its own lane but overcorrected and drove off the right side of the road. The vehicle rolled at least twice and caught fire. Both occupants of the Jeep were ejected.

Chief Branch turned around at Hopewell Road, about 100 feet beyond the accident scene, and parked his police car in a nearby church parking lot. He proceeded on foot to the scene of the accident and saw several beer cans within 15 to 20 feet of the Jeep. Some of the cans were full, some were empty. One occupant was lying within 10 feet of the Jeep and another was 20 to 25 feet from the Jeep. Chief Branch spoke to both of the occupants, asking if they were injured. One complained of back injuries. Chief Branch then asked who was driving. The occupant furthest from the vehicle responded that he was. He asked whether they had been drinking and noticed the odor of intoxicating beverages on both of them and in the vehicle.

Chief Branch radioed for help and Sergeant Davis of the Missouri Highway Patrol responded. Chief Branch reported the fact that he had witnessed the accident and the subsequent events to Sergeant Davis. Sergeant Davis approached the defendant, who identified himself as the driver. He observed that the defendant's eyes were

watery and bloodshot. He smelled a strong, obvious odor of intoxicating beverages emanating from defendant. He asked defendant if he had been drinking and defendant said he had. Sergeant Davis also noticed full beer cans laying near the vehicle. There may have been some empties, although he couldn't recall.

Defendant was taken to the hospital. There, Sergeant Davis performed a gaze nystagmus test, which led him to believe defendant's blood-alcohol content would probably exceed .13 percent. A subsequent blood alcohol content test revealed defendant's BAC to be .15 percent. Sergeant Davis correctly identified defendant at trial.[1]

Defendant moved for a directed verdict on the grounds that the prosecution had failed to establish independent corroboration on the corpus delicti to permit admission of defendant's extra-judicial statements. Without those admissions, defendant contended, the fact that defendant drove the vehicle was not established. The trial court overruled the motion. Defendant put on no evidence, was convicted, and appealed.

■ Defendant's sole point on appeal states:

The trial court erred in finding the appellant guilty of driving while intoxicated because the State failed to prove beyond a reasonable doubt that appellant was the driver of the vehicle in that insufficient evidence of the *corpus delicti* of the offense was introduced so as to make admissible appellant's extra-judicial statements that he was the driver and no other evidence was adduced to prove appellant was the driver.

This case is controlled by our recent case of *State v. Stimmel,* 800 S.W.2d 156 (Mo. App.1990) and the Southern District case of *State v. Johnston,* 670 S.W.2d 552 (Mo. App.1984). Defendant did not object when the officers testified to defendant's statements that he was the driver. Thus, defen-

dant failed to preserve the issue of the statements' admissibility. There is nothing for us to review. *State v. Stimmel,* 800 S.W.2d at 158.

■ In any event, the admission of the statements was not error. In *State v. Johnston,* 670 S.W.2d 552, Judge Crow, speaking for the Southern District in approving the admission of the defendant's statement, said:

It is ... well-established in Missouri that unless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extrajudicial admissions, statement or confessions of the accused are not admissible in evidence. *State v. Summers,* 362 S.W.2d 537, 542[13] (Mo.1962); *State v. Cooper,* 358 Mo. 269, 214 S.W.2d 19, 20[2] (1948).... Proof of the corpus delicti need not include proof of the defendant's connection with the crime charged, *State v. Wood,* 596 S.W.2d 394, 402[16] (Mo. banc 1980), *cert. denied* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980), that is, proof of the criminal agency of the defendant is not required as part of the corpus delicti before admitting his confession into evidence, *State v. Worley,* 375 S.W.2d [44] at 46[2] [Mo.1964].

... we hold there is independent evidence to support a finding that someone was driving the Firebird on the road at approximately 11:30 p.m., June 15, 1982 and that the driver lost control, applied the brakes, and skidded off the pavement at the point shown by the tire marks.

Besides this *and although inessential to the admissibility of the appellant's statements,* we note there is independent evidence pointing to appellant as the driver.

*Id.* at 554–555. (Emphasis added.)[2]

In *State v. Stimmel,* 800 S.W.2d 156, we adopted the rationale of the *Johnston* court in holding that independent proof that the defendant was the driver was not required as a prerequisite to the admission of the

---

1. Chief Branch failed in his attempt to identify defendant at trial.

2. It appears that the Western District's view is contrary to this view. *See State v. Friesen,* 725 S.W.2d 638 (Mo.App.1987); *Kansas City v. Verstraete,* 481 S.W.2d 615 (Mo.App.1972).

defendant's statements that he was the driver in a DWI case.

Here, defendant's statements that he was the driver of the red Jeep that left the road and overturned and that he had been drinking were corroborated by independent evidence of corresponding circumstances. This evidence included testimony of one witness who saw the vehicle being operated on the wrong side of the road, saw it veer and overturn twice, then turned around and saw two people lying injured within 20 to 25 feet from the overturned Jeep in the yard in which it crashed. It also included testimony that both men reeked of alcohol, that the Jeep reeked of alcohol, and that several beer cans lay strewn near the Jeep. Defendant was given both a gaze nystagmus test and a blood alcohol test at the hospital, both of which corroborated his statement that he had been drinking.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.