STATE of Missouri, Plaintiff–Respondent,

v.

Thomas KIRK, Defendant–Appellant.

and

Thomas KIRK, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19765, 20277.

Missouri Court of Appeals,
Southern District,
Division Two.

March 13, 1996.

308

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kurt U. Schaefer, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Thomas Kirk (defendant) was convicted, following a jury trial, of the class D felony of driving while intoxicated, third offense. §§ 577.010, 577.023.1(2) and .3, RSMo 1986. He was sentenced to imprisonment for a term of 5 years. § 558.011.1(4), RSMo Supp. 1990. He appeals the conviction (No. 19765).

Defendant filed a Rule 29.15 motion after the record on appeal was filed in No. 19765. The motion court found that defendant was indigent and appointed an attorney to represent him. His appointed counsel filed an amended motion and requested an evidentiary hearing. The motion court denied the request for evidentiary hearing, entered findings of fact and conclusions of law, and dismissed the motion. Defendant appeals the order dismissing his Rule 29.15 motion (No. 20277).

Defendant's Rule 29.15 motion was filed January 10, 1995. The direct appeal and the appeal of the dismissal of the Rule 29.15 motion were consolidated pursuant to Rule 29.15(*l*) as it existed on the date the motion was filed. *See* Rule 29.15(m).

### No. 19765

Defendant does not challenge the sufficiency of the evidence in his criminal case. He presents one point directed to the prosecuting attorney's closing argument at trial. Defendant contends the trial court erred "in failing *sua sponte* to strike the argument of the prosecuting attorney and to admonish the jury to disregard the improper argument . . .

because the prosecuting attorney personally vouched for the credibility of the state's evidence and witnesses during closing argument."

Almost three years expired between the time of defendant's arrest and trial. Defendant's trial counsel argued that the memories of the police officers who testified were unreliable. She further argued that the testimony of one of the officers, Officer Dove, was not credible because he was experiencing "burn out" from dealing with individuals with bad attitudes for twenty-four years.

The remarks about which defendant complains were made in the final segment of the state's closing argument. The prosecutor told the jury, "You know, I know that Gerald Dove, I know that man, and to say he's burned out or whatever, that's interesting, but Gerald Dove is a very good police officer. He told you exactly what happened. He told you what took place."

█ No objection was made when the prosecutor made the argument about which defendant now complains, nor was the matter included in defendant's motion for new trial. The issue was not preserved for appellate review. *State v. Blankenship,* 830 S.W.2d 1, 10 (Mo. banc 1992); *State v. Phelps,* 816 S.W.2d 227, 231 (Mo.App.1991). Defendant apparently recognizes this in that he requests plain error review. *See* Rule 29.12(b).

█ This court reluctantly considers defendant's claim of plain error. Requests for plain error review are not universally granted. *See, e.g., State v. McMillin,* 783 S.W.2d 82, 98 (Mo. banc 1990), and *State v. Guidorzi,* 895 S.W.2d 225, 231 (Mo.App.1995). "The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review." *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983), *citing State v. Davis,* 566 S.W.2d 437, 447 (Mo. banc 1978).

The issue presented in this appeal, by its nature, offers defendant little chance of success. "[P]lain error will seldom be found in unobjected closing argument." *State v. Kempker,* 824 S.W.2d 909, 911 (Mo. banc 1992), *citing State v. Clemmons,* 753 S.W.2d 901, 907 (Mo. banc 1988).

█ As pointed out in *State v. Roberts,* 838 S.W.2d 126 (Mo.App.1992), one of the cases on which defendant relies, a prosecutor may draw inferences in his or her argument to the jury based on the evidence. A prosecutor may not express an opinion to the jury in a manner that infers it is supported by facts known to the prosecutor but unavailable to the jury. *Id.* at 130.

█ The prosecutor did not suggest that Officer Dove's testimony could be deemed accurate based on his demeanor or its content or on other evidence that was before the jury. Rather, he told the jury that he knew the officer; that the officer told them exactly what happened. He based his assessment of Officer Dove's credibility on matters not available to the jury.

The argument was objectionable. However, as in *Roberts,* the argument was not strong in the context of the other evidence of defendant's guilt, nor was it extensive. Here, as in *Roberts,* the prosecutor's transgression was not plain error. Point I is denied.

### No. 20277

Point II is directed to defendant's appeal of the order dismissing his Rule 29.15 motion. Defendant contends the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing. He argues that his motion "pleaded factual allegations which, if proved, would warrant relief and which were not refuted by the record"; that he was denied due process of law because "law enforcement witnesses for the state conferred about their testimony outside the courtroom while the trial was in progress."

At the start of the trial in defendant's criminal case, defendant requested the trial court to invoke "the rule on witnesses." The trial court announced, "The parties are instructed that their witnesses shall remain outside the courtroom until they're called to testify, and they're admonished not to discuss their testimony until excused."

Defendant alleged in his Rule 29.15 motion that witnesses for the state conferred about

their testimony while outside the courtroom during the time the trial was in progress. He contends he was entitled to an evidentiary hearing so that he could have called witnesses in support of his claim.

In *Cook v. State*, 511 S.W.2d 819, 820 (Mo.1974), an allegation was made similar to the allegation in this case. The movant in *Cook* alleged that "during the trial 'a person not a witness was in the courtroom listening to testimony and relaying what had been said to other witnesses waiting in the hallway to be called as witnesses.'" *Id.* The court held that such an incident would be, at most, trial error; that a motion for post-conviction relief "is not a second appeal or a substitute for a motion for new trial." *Id.* The order denying the motion for post-conviction relief was affirmed.

*Cook* was a proceeding for post-conviction relief brought pursuant to Rule 27.26 (repealed). This appeal involves a motion for post-conviction relief brought pursuant to Rule 29.15. The limitation explained in *Cook* regarding what can be pursued by a Rule 27.26 (repealed) motion also applies in Rule 29.15 proceedings. A Rule 29.15 proceeding cannot be used as a substitute for matters that may be raised on direct appeal. *State v. Small*, 873 S.W.2d 895, 899 (Mo.App.1994). Point II is denied.

### Dispositions

The judgment of conviction in No. 19765 is affirmed. The order dismissing the Rule 29.15 motion in No. 20277 is affirmed.

PREWITT, P.J., concurs.

CROW, J., concurs in separate opinion filed.

CROW, Judge, concurring.

I concur in the principal opinion. My sole purpose in adding these two paragraphs is to emphasize that neither Defendant's pro se motion for post-conviction relief nor the amended motion filed for him by counsel pleads any facts demonstrating Defendant could not have complained about the alleged conference between the State's witnesses in his motion for new trial. That is, Defendant

does not aver the deadline for his motion for new trial passed before he learned of the alleged conference. Therefore, Defendant has set forth no excuse for failing to raise the issue as trial error in his motion for new trial.

I do not imply the issue could have been raised in the post-conviction action had Defendant pled he was unaware of the incident prior to the deadline for his motion for new trial. That question is not presented by this record and need not be considered. It is sufficient to note that claims of trial error are not cognizable in a Rule 29.15 action except where fundamental fairness requires otherwise, and then only in rare and exceptional circumstances. *Clemmons v. State*, 785 S.W.2d 524, 531[21] (Mo. banc 1990), *cert. denied*, 498 U.S. 882, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990).