STATE of Missouri, Plaintiff/Respondent,

v.

Brock SEALS, Defendant/Appellant.

Brock SEALS, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 66974, 69198.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 24, 1996.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for respondent.

Before DOWD, P.J., and REINHARD and GAERTNER, JJ.

PER CURIAM.

Defendant appeals after he was convicted by a jury for the class C felony of tampering in the first degree, § 569.080.1(2), RSMo 1986. The trial court sentenced defendant, as a prior offender, § 558.019, RSMo Supp. 1993, to a two year prison term to run consecutively with a twenty-five year sentence imposed in St. Louis County for second degree murder.[1] Defendant also appeals the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing.[2] We affirm defendant's conviction but remand for resentencing.

On February 27, 1995, defendant filed a *pro se* 29.15 motion. An amended motion for post-conviction relief was filed May 9, 1995. An evidentiary hearing was conducted on August 4, 1995, and on August 28, 1995, the motion court denied defendant's Rule 29.15 motion. Defendant brings this appeal from his conviction and sentence.

Defendant's first point on appeal involves comments made by the prosecutor in closing argument. Defendant admits that this issue was not properly preserved for appeal and requests plain error review. Under plain error review, this court will not reverse defendant's conviction unless the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice will result if left uncor-

---

1. After serving eight years of the murder sentence, defendant was paroled.

2. Defendant does not address any points in his appeal to the denial of his Rule 29.15 motion.

Therefore, that appeal is considered abandoned. *See State v. Nelson,* 818 S.W.2d 285, 287 (Mo. App.1991).

rected. *State v. McGee*, 848 S.W.2d 512, 513 (Mo.App. E.D.1993).

Relief based on plain error is rarely given as to closing arguments. *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995) (*citing State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo. banc), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988)). We have reviewed the record and fail to find that manifest injustice or miscarriage of justice occurred. An extended discussion of this point is unnecessary. Rule 84.16(b).

■ Defendant's second point on appeal does have merit. Defendant asserts the trial court "erred in sentencing [defendant] as a prior prison offender pursuant to Section 558.019 upon his conviction of a class C felony." The state concedes that the trial court erred in this regard and that a remand and resentencing is necessary. Section 558.019, RSMo Supp.1993, applies only to class A and B felonies and dangerous felonies. Defendant was convicted of tampering, a class C felony not categorized as "dangerous" under § 556.061(8), RSMo Supp.1993. Therefore, defendant was erroneously sentenced as a prior offender pursuant to § 558.019, RSMo Supp.1993. Accordingly, we vacate defendant's sentence and remand this case for resentencing.

We affirm defendant's conviction and remand for resentencing.