STATE of Missouri, Plaintiff–
Respondent,

v.

Todd W. WESSEL, Defendant–Appellant.

Todd W. WESSEL, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

Nos. 65604, 70802.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 12, 1997.

Douglas R. Hoff, Asst. Public Defender, St. Louis, for defendant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa A. Fischer, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

Todd W. Wessel ("Defendant") appeals from his fourth conviction for Driving While Intoxicated, a Class D felony, in violation of Section 577.010 RSMo.1994.[1] Defendant was found guilty as charged and sentenced to one year in prison.[2]

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. As Appellant's brief raises no issues pertaining to the judgment denying his Rule 29.15 motion, his appeal from this judgment is deemed aban-

We view the evidence in the light most favorable to the verdict. On May 9, 1992, at approximately 1:50 p.m., a Missouri Highway Patrol Trooper ("Trooper") received a dispatch about an automobile accident in the eastbound lane of Interstate 70 in St. Charles County. In less than ten minutes, Trooper arrived on the scene and observed two men standing next to two trucks, one red one blue, on the eastbound shoulder of the highway. The red truck sustained extensive damage to its left rear portion, while the blue truck sustained damage to its right front portion.

Upon arrival, Trooper asked each man for his drivers' license and proof of insurance. Each man indicated which vehicle he was driving. Defendant said he was driving the blue truck and the other driver said he was driving the red truck. Defendant told Trooper that he miscalculated the distance between his truck and the red truck when he attempted to merge onto the highway.

Trooper observed that Defendant had a flushed face and bloodshot eyes. He also staggered and swayed when he attempted to walk. Furthermore, Defendant slurred his speech and emitted a strong odor of intoxicants.

After failing the horizontal gaze nystagmus test, Trooper arrested Defendant for driving while intoxicated, read him his *Miranda*[3] rights, and informed him about the Missouri Implied Consent Law. After the warning, Defendant refused to take a blood alcohol test. Consequently, Trooper administered several other roadside sobriety tests, including the walk and turn test and the one-legged stand test. Defendant failed all tests. Finally, Trooper tested Defendant's pupils and found that they were consistent with an "extreme amount of intoxication." Defendant was convicted of one count of driving while intoxicated. Defendant appeals from his conviction.

In his sole point on appeal, Defendant alleges the court erred by admitting into evidence his statements made to Trooper before his arrest. Specifically, Defendant claims that his statements were not admissible because there was no independent proof of the corpus delicti; in other words, that someone had operated Defendant's vehicle in an intoxicated condition. Because Defendant's trial counsel did not object to the admission of the statements, Defendant seeks plain error review.

■ Our review is limited to plain error under Rule 30.20. Plain error relief should be granted if the alleged error so substantially affects rights of the defendant that manifest injustice or miscarriage of justice will result if left uncorrected. *State v. Seals*, 930 S.W.2d 73, 73 (Mo.App. E.D.1996). At trial, State produced evidence of drunken driving independent of Defendant's statements admitting he had been drinking and caused the accident. Previously, this court decided that independent proof that the defendant was the driver was not required as a prerequisite to the admission of the defendant's statements in a DWI case. *State v. Tillman*, 823 S.W.2d 43, 44 (Mo.App. E.D.1991).

The evidence included testimony by an authorized highway patrolman responding to a call to the scene of an accident who saw only two men standing next to two damaged vehicles. The other driver informed Trooper that he was the driver of the red truck. From this, we can infer that Defendant was the driver of the blue truck. In addition, Defendant failed a series of field sobriety tests administered by the patrolman. As such, this constitutes independent evidence necessary for the admission of Defendant's statements.

■ We find accordingly, that Defendant's statements that he had been drinking prior to being involved in the accident were properly corroborated by independent evidence of the corresponding circumstances. We find no plain error (Rule 30.25(b)). The judgment of the trial court is affirmed.

---

doned. *State v. Gaines*, 807 S.W.2d 678 n. 1 (Mo.App. E.D.1991).

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).