**STATE of Missouri, Respondent,**

v.

**Roderick FOREST, Appellant.**

**Roderick FOREST, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 68611, 72496.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 2, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 6, 1998.

dant and Gaines had gone inside the house where the pizza was to be delivered. The two men had a .22 caliber revolver and planned to rob the delivery person. The victim's sister stayed in the car while the victim walked up some steps to deliver the food. When the victim knocked on the door, Gaines said, "Give me the pizza." The victim started walking away and defendant aimed the gun at the victim and asked for the pizza again. The victim told defendant he would have to shoot him, and defendant fired two shots. The victim's sister heard gun shots and upon looking up saw her brother and two men wearing ski masks. The victim's sister then saw the shorter of the two men shoot her brother with a handgun. The victim was shot twice and died a short time later.

After the shooting, defendant and Gaines ran to the acquaintance's house. The two men and others then ate the food from Zito's Pizza. Defendant admitted he shot the delivery person. Other persons arrived later at the house. When one of them said that defendant shot the delivery person, defendant, who was present, did not say anything. The following day defendant told another person that he shot the victim.

K.W., who was ten years old at the time of trial, lived on Pennsylvania and knew defendant and Gaines. K.W. testified that he saw defendant shoot the victim. K.W. also testified that defendant told him if he was questioned by police to say he was inside the house watching cartoons. The jury found defendant guilty of murder in the first degree, robbery in the first degree and two counts of armed criminal action. Defendant was sentenced to consecutive terms of imprisonment of life without parole for the murder conviction, life for the first armed criminal action conviction, ten years for the robbery conviction and five years for the second armed criminal action conviction. Defendant raises six points on appeal.

■ We first address defendant's argument that the trial court abused its discretion

Michael Gross, St. Louis, Christophe Swiecicki, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Roderick Forest, appeals from the judgment entered after a jury found him guilty of murder in the first degree, robbery in the first degree and two counts of armed criminal action.[1] We affirm.

We review the evidence in the light most favorable to the verdict. On July 19, 1993, defendant and Levelle Gaines went to an acquaintance's house in St. Louis to call Zito's Pizza for food to be delivered. During his call, defendant asked that the food be delivered to a house near Gaines' aunt's house. The twenty-four year old victim, who was a delivery person for Zito's pizza, and his sister drove to a street named Pennsylvania to deliver the food. At some point, defen-

1. Defendant also filed a notice of appeal for the judgment denying his rule 29.15 motion for post-conviction relief. Because defendant raises no claims in his brief regarding the denial of his post-conviction motion, his appeal from this judgment is deemed abandoned. *State v. Wessel,* 950 S.W.2d 14, 15 n. 2 (Mo.App. E.D.1997).

in permitting K.W. to testify for the prosecution because he was incompetent as a witness. Defendant contends that K.W.'s voir dire examination and testimony "demonstrated his lack of capacity to perceive, remember, and relate facts accurately."

■ K.W. was ten years old when he testified. The law presumes that a person ten years of age or older is competent to testify, unless the evidence shows the witness has mental infirmities or has less than ordinary intelligence for his or her age. Section 491.060(2) RSMo 1994; *State v. Brown*, 902 S.W.2d 278, 286 (Mo. banc 1995).

The trial court conducted a voir dire examination of K.W. prior to his testifying. K.W. stated that to tell the truth is to "say what's right" and to tell a lie was to "say something bad." K.W. also was able to tell when he was told a truthful statement and a false statement. K.W. discussed his friends, school and television programs he enjoyed. The trial court found that K.W. could remember things, understood the difference between the truth and a lie, understood his obligation to tell the truth and had sufficient mental capacity.

■ Nothing in the record indicates that K.W. suffered from diminished mental capacity. "Given the trial court's broad discretion and superior ability to judge demeanor, we will not reverse absent a clear showing that the trial court abused its discretion." *Brown*, 902 S.W.2d at 286. Defendant fails to make such a showing and his point is denied.

■ We next address defendant's argument that the trial court erred in denying his motion for mistrial during the prosecutor's closing argument. A trial court has wide discretion in controlling the scope of closing argument. *State v. Richardson*, 923 S.W.2d 301, 314 (Mo. banc 1996). The declaration of a mistrial is a drastic remedy that should be used only in extraordinary circumstances. *State v. Boyce*, 913 S.W.2d 425, 428 (Mo.App. E.D.1996).

The prosecutor argued in part as follows:

[PROSECUTOR]: ... Mikisha Richardson says the defendant committed the shooting, he's admitting it through his silence, because he's standing right there when people are saying [defendant] shot the pistol. That man (indicating).

Now Ladies and Gentlemen, what innocent person would who hasn't shot a pistol.

[DEFENSE COUNSEL]: Judge, I have to object at this time and ask to approach the bench, and that the testimony and the time be reserved.

THE COURT: It is reserved.

(Counsel approached the bench and the following proceedings were had out of the hearing of the jury:)

[DEFENSE COUNSEL]: Judge, I think this argument which is being made creates an inference that my client is also sitting here during closing arguments not saying anything. And he sat during trial not saying anything.

And the prosecutor has just pointed at him and said, what innocent man would remain silent when someone's accused you of shooting the man. I think that's a comment on failure to testify. I have to object to the argument. And I have to ask for a mistrial.

[PROSECUTOR]: Your Honor, it is clearly within the context of Mikisha Richardson's testimony. And it is very clear that silence in the face of that action, you can say that it is definitely an admission.

THE COURT: And I think it has to be looked at in that context. And I'll certainly deny the motion for a mistrial and overrule the objection.

Defendant contends that during this closing argument the prosecutor pointed at him and stated that defendant's "silence in the face of accusation was proof of his guilt." Defendant asserts that the gesture and statement constituted either a direct or indirect comment on defendant's decision not to testify.

■ A prosecutor may not comment adversely on a defendant's failure to testify. *Richardson*, 923 S.W.2d at 314. A prosecutor may not directly use words such as "defendant," "accused" and "testify" or their equivalent, nor may a prosecutor make indirect comments that clearly imply reference to a defendant's failure to testify. *Id.* "Al-

though a direct reference to the failure of the defendant to testify will generally require reversal of the conviction, an indirect reference is improper only if the prosecutor demonstrates a calculated intent to magnify the defendant's decision not to testify so as to call it to the jury's attention." *Id.*

At trial, Mikisha Richardson testified that on the day of the crimes she went to a house where defendant, Gaines and others were eating pizza. She also testified that defendant was present when another person said defendant shot the "pizza man" and that defendant did not say anything.

Review of the prosecutor's closing argument reveals neither a direct or indirect reference to defendant's failure to testify. The argument is directed at defendant's silence when a person on the day of the crimes stated that defendant shot the "pizza man." A defendant may adopt the statement of another as a tacit admission either by silence or by other conduct significantly acquiescing in the import of the damaging statement. *State v. Gibbs,* 875 S.W.2d 159, 161 (Mo.App. E.D.1994). Under the tacit admission rule, Mikisha Richardson's testimony and the prosecutor's corresponding argument was permissible. Even if the prosecutor's remarks were construed as an indirect reference to defendant's failure to testify, the argument does not demonstrate that the prosecutor had a calculated intent to magnify defendant's decision. Defendant's point is denied.

No jurisprudential purpose would be served by addressing defendant's remaining points. These points are denied. Rule 30.25(b).

The judgment is affirmed.

AHRENS, P.J., and KAROHL, J., concur.