STATE of Missouri, Respondent,

v.

Charles L. SLANKARD, Appellant.

No. 22581.

Missouri Court of Appeals,
Southern District,
Division Two.

July 23, 1999.

Motion for Rehearing or Transfer Denied
Aug. 13, 1999.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Charles L. Slankard ("Defendant") appeals from the judgment, entered following a jury trial, convicting him of the Class D felony of Driving While Intoxicated, §§ 577.010; 577.023, for which he was sentenced to a term of imprisonment of five years.[1] Defendant raises two points of trial court error, discussed below. We affirm.

Defendant does not challenge the sufficiency of the evidence supporting his conviction. "We review the evidence and all permissible inferences therefrom in the light most favorable to the verdict and ignore any inferences that do not support

a finding of guilt." *State v. Ogle*, 967 S.W.2d 710 (Mo.App.1998).

On the afternoon of April 9, 1998, at approximately 4:30 p.m., Officer Charles Brown of the Webb City Police Department received a call on his radio instructing him to look for a black Cadillac with a certain license plate number. Officer Brown spotted the automobile in oncoming traffic and looked at the driver as it passed. Officer Brown testified that Defendant was the driver. He called in the automobile's license plate number and was informed that it was indeed the vehicle that was being searched for. He turned his patrol vehicle around to follow the automobile, pulled in behind it, and turned on his lights. Defendant did not pull over but proceeded on, stopping at two stop signs as he drove. Officer Brown turned on his siren. Defendant continued driving, turned into an alley and then turned into the driveway of a house, whereupon Defendant exited the automobile and attempted to enter the house. Officer Brown parked his patrol vehicle and prevented Defendant from entering the house.

Officer Brown testified that Defendant smelled of intoxicants, Defendant's eyes were glassy and bloodshot, his speech was slurred and he was "staggering quite a bit." Defendant attempted to put a "chew" in his mouth but was stopped by Officer Brown, since Officer Brown suspected Defendant was intoxicated and wanted Defendant to perform field sobriety tests and a breath test. Defendant was uncooperative with Officer Brown, attempted again to put a "chew" in his mouth, and then struggled with Officer Brown after Officer Brown knocked the "chew" from Defendant's hand. Officer Brown was able to restrain Defendant and place Defendant in his police vehicle. When they arrived at the police station,

---

1. All statutory references are to RSMo 1994, unless otherwise noted.

Officer Brown had an Officer Maddock help him with the handling of Defendant because Defendant was "still irate and combative." Defendant refused to perform or submit to any field sobriety tests or breath tests, either at the scene or after he arrived at the police station.

■ In his first point, Defendant claims the trial court erred in permitting testimony concerning his refusal to submit to a breathalyzer test. Defendant claims that such testimony was inadmissible in that he was not informed that his refusal could be used as evidence against him at trial. In support of his argument, Defendant cites *McMaster v. Lohman*, 941 S.W.2d 813 (Mo.App.1997), for the proposition that "no refusal is valid if the arresting officer's 'request' omits statutorily necessary information." *Id.* at 816.[2]

■ In review of Defendant's initial point, we observe that, "[i]n matters involving the admission of evidence, we review for prejudice, not mere error." *State v. Finster*, 985 S.W.2d 881, 889 (Mo.App. 1999). Further, "[t]he trial court possesses broad discretion to determine the admissibility of evidence and testimony." *State v. Neely*, 979 S.W.2d 552, 561 (Mo. App.1998).

As to the admissibility of Defendant's refusal to take a breathalyzer test, section 577.041.1, in pertinent part, states as follows:

> If a person under arrest refuses upon the request of the arresting officer to submit to any test allowed under section 577.020, then none shall be given and evidence of the refusal shall be admissi-

ble.... The request of the arresting officer ... shall inform the person that evidence of his refusal to take the test may be used against him....

§ 577.041.1.

In pre-trial proceedings, Defendant filed a "Motion in Limine" in which he asked that the trial court refuse to admit "any evidence or statement" regarding Defendant's refusal to take a breathalyzer test. During the pre-trial hearing on Defendant's motion, Officer Brown testified that, while he failed to fill out the "implied consent" section of the "alcohol influence report," he did inform Defendant that a refusal to take the breathalyzer test could be used against him in court. The trial court ruled that Officer Brown's testimony was admissible.

At trial, Officer Brown was questioned about the events that occurred at Defendant's house and was asked whether Defendant submitted to either a field sobriety test or a breath test. Defense counsel then proclaimed, "Your Honor, I'm going to object." After Officer Brown answered, "No, he didn't," defense counsel reiterated, "I'm going to renew my earlier objection." The trial court then pronounced, "Objection overruled." Officer Brown went on to state that Defendant refused to submit to either test. Later, Officer Brown testified that Defendant again refused to take a breathalyzer test, evidently after he had been taken to the police station. There was no objection to this testimony. Finally, during Officer Maddock's testimony, Officer Maddock was asked, "Now did you also observe [Defendant] refuse to take the

---

**2.** We note that the question addressed in *McMaster* was whether a statutorily inadequate request to submit to a "chemical sobriety test" would trigger the twenty minute period in which the Defendant may attempt to contact an attorney under section 577.041. *McMaster*, 941 S.W.2d at 816–17. Defendant cites to no cases concerning the question of whether a refusal to submit to a sobriety test is admissible in a criminal proceeding if the request given Defendant failed to inform him that such refusal could be used against him. For reasons that will become obvious, *infra*, we need not address this question.

breathalyzer test?" There was no objection to this question. Officer Maddock answered: "Yes, I did."

■ "A pretrial ruling on a motion in limine is interlocutory in nature." *State v. Stimmel*, 800 S.W.2d 156, 158 (Mo.App. 1990). "A motion in limine does not relieve a defendant of the duty to make timely objection at trial." *Id.* "When a motion to suppress evidence is denied and the evidence is subsequently offered, the defendant must object at trial in order to preserve his arguments for appellate review." *Id.* Further, "[i]t is uniformly held in Missouri that specific objections are required to evidence, and the objection must call the attention of the trial court to the ground or reason for the objection." *State v. Bransford*, 920 S.W.2d 937, 944 (Mo. App.1996); *see State v. Bartholomew*, 829 S.W.2d 50, 53 (Mo.App.1992). Moreover, simply stating "objection" or "I object to that" has been held insufficient to preserve any issue for appellate review. *See State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974); *State v. Jones*, 462 S.W.2d 661, 663 (Mo. 1971). Additionally, "[i]f evidence is improperly admitted, but other evidence before the court establishes essentially the same facts, there is no prejudice to the accused and no reversible error." *State v. Eastburn*, 950 S.W.2d 595, 604 (Mo.App. 1997); *see City of Independence v. Elder*, 653 S.W.2d 393, 396–97 (Mo.App.1983).

Even if we were to conclude that Defense Counsel's perfunctory objection to Officer Brown's initial testimony was specific enough to preserve Defendant's claim of error as to that testimony, Defendant suffered no prejudice by the trial court's action in overruling such objection. Defense Counsel failed to object when Officer Brown gave virtually the same testimony later in the State's direct examination. The same evidence was admitted, again without objection, during Officer Mad-

dock's testimony. Therefore, in the context of this case, even if the trial court committed error by overruling Defense Counsel's objection, such error was rendered harmless when the same evidence was admitted into evidence later in the trial with no objection made by defense counsel. *See Eastburn*, 950 S.W.2d at 604. Defendant's first point is denied.

■ In his second point, Defendant claims the trial court committed plain error in failing, *sua sponte*, "to strike the improper [closing] argument of the State and to admonish the jury to disregard the improper argument . . . in that the prosecutor personally vouched for the strength of the State's case and encouraged the jury to put its faith in the prosecutor not to charge or bring innocent people to trial."

In the interest of clarity we set out the complained of portion of the State's closing argument, in pertinent part, as follows:

> If I understand [Defense Counsel's] arguments here to you correctly, he believes apparently that Mr. Slankard was driving the car, got to his house, a driver jumped in and jumped out and then Mr. Slankard got out of the driver's seat. . . . You know that didn't happen. I know it didn't happen.
>
> . . . .
>
> In his car, Mr. Slankard's in his car, not somebody else's car, his car, he tries to get to his house and get in the house before the cops get there. You know that and I know that.
>
> . . . .
>
> There's one result in this case. You know it and I know it.

■ Defendant acknowledges that defense counsel failed to object to any of the complained of statements at trial and

requests plain error review.[3] *See* Rule 30.20, Missouri Court Rules (1998). "Requests for plain error review are not universally granted." *State v. Kirk*, 918 S.W.2d 307, 309 (Mo.App.1996). "The plain error rule should be used sparingly and does not justify a review of every alleged trial error that has not been properly preserved for appellate review." *Id.* Further, "relief should be rarely granted on assertion of plain error to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explanation." *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994). Otherwise, a defendant would be allowed "to not object, gamble on the jury verdict; and if it is adverse, to seek a new trial because of the argument." *State v. Brown*, 611 S.W.2d 301, 302 (Mo.App.1980).

While it is true that "[a] prosecutor ... may not express an opinion implying knowledge of facts unavailable to the jury," *State v. Roberts*, 838 S.W.2d 126, 130 (Mo.App.1992), a prosecutor "may comment on the evidence and the credibility of the defendant's case." *State v. Hall*, 982 S.W.2d 675, 683 (Mo. banc 1998). " 'The golden thread running through all the cases on this subject is an inquiry into whether the prosecutor's statement of his belief appears to be based on the evidence which has been introduced before the jury.' " *State v. Link*, 965 S.W.2d 906, 912 (Mo.App.1998)(quoting *State v. Anthony*, 577 S.W.2d 161, 163 (Mo.App.1979)). An examination of this portion of the State's closing argument shows that the prosecutor was simply commenting on the credibility of the Defendant's version of the events. The complained of comments were interspersed with a recap of the evidence in the case by the prosecutor. The prosecutor "may even belittle and point to the improbability and untruthfulness of specific evidence." *Hall*, 982 S.W.2d at 683 (quoting *State v. Kreutzer*, 928 S.W.2d 854, 872 (Mo. banc 1996), *cert. denied* 519 U.S. 1083, 117 S.Ct. 752, 136 L.Ed.2d 689 (1997)). Here the prosecutor led the jury through the State's version and through Defendant's version of the events in question, and commented on which version was the more credible. We find no manifest injustice or miscarriage of justice in the trial court's failure to *sua sponte* strike the complained of statements and to admonish the jury to disregard them. Defendant's second point is denied.

The judgment of the trial court is affirmed.

SHRUM, P.J., and MONTGOMERY, J., concur.

**3.** Defendant failed, as well, to include this claim in his motion for new trial. Rule 21.11(d), Missouri Court Rules (1998).