**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Danny Ray HAHN, Defendant-Appellant.**

No. 12403.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 24, 1982.

Motion for Rehearing Overruled and
to Transfer to Supreme Court Denied
Oct. 15, 1982.

Application to Transfer Denied
Nov. 15, 1982.

John D. Ashcroft, Atty. Gen., Kristie
Green, Asst. Atty. Gen., Jefferson City,
Charles E. Smarr, law student (appearing
under Supreme Court Rule 13), for plain-
tiff-respondent.

Carson W. Elliff, Yates, Mauck, Robinett & Bohrer, Inc., Springfield, for defendant-appellant.

PREWITT, Judge.

Defendant was convicted of stealing a revolver and sentenced to imprisonment in the county jail for one year. He presents two points relied on for our consideration.

Defendant contends that the trial judge erred by allowing in evidence a statement of defendant admitting that he took a revolver from a motel office where C. Porter Myers worked because there was not a sufficient showing that a crime had been committed independent of his statement.

Myers testified that he was manager of a motel and in the lobby of the motel kept a revolver belonging to him "in my desk in a little cubby-hole, back behind the counter of my desk." On the morning of July 21, 1979, he left the lobby to work on an air conditioner in another room. When he returned to the lobby, defendant, who was registered at the motel as "David Jones", and another man were there. As Myers entered the lobby, defendant came to the front of the desk, put a room key on the counter and stated that he was checking out. Approximately thirty-five to forty-five minutes after defendant left, Myers discovered that his revolver was missing. Myers said that he had not given anyone permission to take the revolver. He reported to the police that it was stolen.

Defendant told a police officer that a day or two prior to July 22, 1979, he went to check out of the motel and no one was in the motel office; he saw the revolver on a shelf and took it. On July 22 or 23, 1979, he threw it into Lake Springfield.

■ In order for defendant's statement to be admissible, absolute proof that a crime was committed independent of his statement is not required. All that is required is evidence of circumstances tending to prove the corpus delicti corresponding with the confession. *State v. Charity*, 587 S.W.2d 350, 353 (Mo.App.1979). Slight corroborating facts are sufficient to establish the corpus delicti. *Id.* See also *State v. Hankins*, 599 S.W.2d 950, 953 (Mo.App. 1980).

■ The evidence showed that the revolver was missing and was likely stolen. The circumstances indicated that a crime had been committed and corresponded with the facts related in the confession. Defendant's statement was properly admitted. This point is denied.

Defendant's other point states that "The Trial Court erred in permitting the State to file an amended information during trial in that such amendment was prejudicial to Appellant's substantial rights because: A. The amendment prevented Appellant from utilizing the same witnesses and defenses in his case after the amendment as he could have prior to the amendment. B. The denial of the request for continuance following the amendment prevented Appellant's counsel from revising trial strategy based upon the original information."

The information stated that defendant "appropriated a .22 caliber revolver, Armco brand, serial # 66580, which said property was owned by C. Porter Myers". Myers was the state's first witness. He testified that it was an "Otasco" brand revolver that was missing. He did not testify regarding its serial number. Following his testimony the state requested permission to amend the information by striking "Armco brand" and "serial # 66580". Over defendant's objection, the amendment was allowed. Defendant then requested a continuance and the request was denied.

Rule 23.08 provides that an information may be amended at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not prejudiced. It also provides that the amendment shall not delay the trial unless the court finds that the defendant needs further time to prepare his defense by reason of the amendment. In the argument portion of his brief defendant states that his defense was to be that the state could not prove that he appropriated an Armco brand, serial # 66580, revolver. No witnesses or what they would testify to

on behalf of the defense were referred to at trial or in defendant's brief.

Numerous cases have held somewhat similar amendments not to be prejudicial: Change in name of purchaser of narcotics from James Larson to James A. Snokhaus, *State v. Taylor,* 375 S.W.2d 58, 62–63 (Mo. 1964); change from theft of merchandise of the value of $478.11 to "$350.00 sundry groceries and $400.00 of cigarettes", *State v. Edmonds,* 347 S.W.2d 158, 161 (Mo.1961); change from cutting "divers red oak and white oak trees" to "fifty black" oak trees, *State v. Lundry,* 361 Mo. 156, 233 S.W.2d 734, 735 (1950); deleting "12 gauge" from charge of exhibiting a "12 gauge shotgun", *State v. Black,* 587 S.W.2d 865, 877–878 (Mo.App.1979); changing the name of the police officer to whom defendant was charged with selling obscene matter from "Officer Zouglas" to "Officer Smith", *State v. Hollins,* 533 S.W.2d 231, 233 (Mo.App. 1975); change in the date of check from "Dec. 31, 1956" to "Dec. 31, 1957", *State v. Brookshire,* 329 S.W.2d 252, 253–255 (Mo. App.1959). See also *State v. Cobb,* 444 S.W.2d 408, 415–416 (Mo. banc 1969), change in name of the corporation whose premises were alleged to have been burglarized not prejudicial; *State v. Starks,* 419 S.W.2d 82, 84 (Mo.1967), holding that amending an information which charged possession of amphetamine hydrochloride by striking "hydrochloride" would not result in an additional or different charge.

 The amendment did not plead a different offense as defendant was still charged with stealing a revolver from Myers and the time and place of the offense was not changed, merely a description of the revolver. All elements of the offense were the same except the specific description of the revolver was deleted. The amendment may have prevented defendant from contending that the state had not proved that he had taken an Armco brand revolver, serial # 66580, belonging to Myers, but it did not affect the merits of the crime charged, that he had taken a revolver belonging to Myers. We do not think that any of defendant's substantial rights were prejudiced as the amendment did not alter any of his rights in defending the elements of the offense charged.

■ Defendant failed to show the trial court, and does not explain here, how the continuance would have been of aid to him. We do not see how any additional time would have allowed him to prepare a defense if his defense was going to be based only upon the fact that the revolver was erroneously described. This point is denied.

The judgment is affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.