**STATE of Missouri, Respondent,**

v.

**James E. RAY, Appellant.**

**No. 48583.**

Supreme Court of Missouri,
En Banc.

March 29, 1983.

David M. Strauss, Public Defender, Columbia, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant appeals his conviction for first degree robbery. The issues raised concern the voluntariness of his confession and the competency of the jail warden to testify regarding medical treatment administered to defendant. We affirm.

Defendant's conviction arose out of events occurring in the City of St. Louis in October 1959. The conviction was affirmed in *State v. Ray*, 354 S.W.2d 840 (Mo.1962). This second appeal is the result of defendant's not being represented by counsel in the first appellate proceeding. *Bosler v. Swenson*, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1966).

A detailed statement of facts is found in *State v. Ray*, *id*. It is sufficient to state here that the evidence is overwhelming of defendant's guilt of robbing a Kroger store in St. Louis on October 10, 1959. No less than four eyewitnesses observed defendant perpetrate the crime, and he was pursued from the store by a customer. Shortly after the robbery, police confronted him at his home and were forced to subdue him when he resisted arrest. A gun used to commit the robbery was found in defendant's bedroom with his malgained lucre. And to top it off, defendant signed a written confession acknowledging that he had committed the crime, albeit on appeal he urges the confession was maculated by unlawful coercion.

Defendant's first point on this appeal attacks the confession, which in this instance merely follows mighty evidence of his guilt through eyewitnesses and circumstances surrounding his arrest.

■ Defendant first contends that the trial court erred in failing to determine the issue of voluntariness of confession in a separate proceeding outside jury hearing. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1963), and *State v. Mitchell*, 611 S.W.2d 211, 214 (Mo. banc 1981), serve as authority for the separate hearing defendant urges. But the transcript absolutely refutes defendant's position that no separate hearing was given. After complete hearing outside the jury, the trial court ruled adversely to defendant's contention of involuntariness of the confession.

■ Defendant next argues that the confession was involuntary as having been beaten from him. The police taking the statement testified otherwise. The trial court chose to believe the police, which it may. It is a fundamental precept that when conflicting evidence exists as to the voluntariness of a confession, the admissibility of the confession is within the trial court's sound discretion. *State v. Jenson*, 621 S.W.2d 263, 264 (Mo.1981); *State v. Royal*, 610 S.W.2d 946, 949 (Mo. banc 1981).

■ Defendant also asserts that the trial court erred in failing to instruct the jury on voluntariness of the confession. He concedes that the allegation of error has not been preserved, as no request was made for such an instruction. No plain error or manifest injustice occurred here. The voluntariness of a confession is a collateral matter, not requiring instruction unless specifically requested. *State v. Pughe*, 403 S.W.2d 635, 641 (Mo.1966) and *State v. Blanchard*, 527 S.W.2d 37, 38–9 (Mo.App.1975), speak directly to this point.

Defendant's arguments relating to the voluntariness of his confession are clearly without merit.

■ A portion of defendant's defense was that he had been mistreated by police and had required medical attention. For proof of medical treatment, defendant called on the warden of the city jail to identify and read from the medical card pertaining to him. And defendant, through the warden, had the medical card introduced and received into evidence. On cross-examination, the warden, in reading from the medical card, noted that defendant's treatment was in the "venereal clinic" for venereal disease. After the warden had testified, defendant's counsel's subsequent objection and request for the jury to disregard the testimony were overruled.

Defendant contends that the warden's testimony on cross-examination was irrelevant and erroneously prejudicial and that he was not qualified to testify on the subject. It matters not that defendant's objection came too late to have any effect, as the answer about which he complains was already substantially in evidence. *State v. Crawford,* 619 S.W.2d 735, 740 (Mo.1981).[1] What is critical in this instance is that defendant presented the warden as his own witness and qualified him to identify and present evidence regarding the medical card. The warden merely recited from the record what he had identified at defendant's direction. He related that according to the record in his control, the defendant was being treated in the venereal clinic for venereal disease. We perceive no reversible error in regard to the warden's testimony. It was given at defendant's behest, and any error brought about by his testimony was by defendant's action. *See State v. Burgin,* 633 S.W.2d 124, 125 (Mo.App.1982) (defendant not entitled to complain about matters brought into the case by him and self-invited error).

Through the warden and medical card, defendant proposed to establish that he had been beaten by police and had required medical care. But his witness' testimony was otherwise. It is true that on direct examination the warden, for defendant, brought forth the medical card which indicated that there had indeed been medical treatment. But it does not stop there. Defendant may not take advantage of only that portion of the record favorable to him. He must take the bitter with the better and accept the fact that cross-examination of the warden by the prosecutor was a legitimate inquiry into the reason for the treatment. There was no abuse of the trial court's substantial discretion in determining the extent of cross-examination, particularly as the state was inquiring into matters brought into the case by defendant. "A defendant is not in a position to complain of the state inquiring about matters brought into the case by his own questions." *State v. Lue,* 598 S.W.2d 133, 138 (Mo. banc 1980).

Judgment affirmed.

All concur.

---

1. Q. [Prosecutor, on cross-examination of warden]: Well then Warden, this man was being treated for venereal disease, is that correct?
   A. [Warden]: Yes, sir.
   Q. According to the records?

A. That is right, sir.
MR. SCHRIEBER [Defendant's counsel]: I will have to object to this and ask that the jury be instructed to disregard that. . . .