STATE of Missouri, Respondent,

v.

Scott GIRDLEY, Appellant.

Nos. 21495, 21496.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 17, 1997.

Jacob Y. Garrett, Ray & Garrett, West Plains, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cristi A. Ingalsbe, Asst. Atty. Gen., Jefferson City, for Respondent.

MONTGOMERY, Chief Judge.

In this bench-tried case, Scott Girdley (Defendant) was found guilty of the class D felony of driving while intoxicated, in violation of §§ 577.010 and 577.023.3,[1] and of driving while his operator's license was revoked, in violation of § 302.321, a misde-

1. Statutory references are to RSMo 1994, unless otherwise indicated.

meanor.[2] On the felony conviction, the trial court sentenced Defendant to five years' imprisonment, suspended the execution of the sentence, and placed him on five years' probation. On the misdemeanor conviction, the trial court sentenced Defendant to 30 days in jail, suspended the execution of the sentence, and placed Defendant on two years' probation. Defendant appeals his felony conviction in No. 21495 and his misdemeanor conviction in No. 21496. This Court has consolidated the appeals.

■ The first of four issues raised in this appeal is whether the evidence sufficiently established the corpus delicti of driving while intoxicated, thereby allowing admission of Defendant's extrajudicial statement that he had driven the subject vehicle while under the influence of alcoholic beverages to the accident site where the arresting officer found him asleep in his vehicle.

At trial, the only evidence was supplied by David Bailey, a corporal with the Missouri State Highway Patrol. Bailey related that he was in the Howell County Sheriff's Office on October 28, 1995, when a call came in "about an accident that just occurred right in front of these people's house." Bailey and Trooper Reece responded to the call by driving to an intersection on County Road 8270 in Howell County, Missouri. There, Bailey found a pickup truck in the ditch. Skid marks indicated the driver tried to make a left-hand turn too fast before reaching the ditch. Bailey observed that Defendant was seated behind the driver's wheel asleep. He was the only person in or near the vehicle. The keys were in the ignition, but the motor was not running. The vehicle's lights were not on when Bailey arrived.

Several feet of skid marks led up to Defendant's vehicle. The skid marks were not straight. They were in a "curvy motion" through the intersection. Bailey found fresh dirt, grass, and pine cones lodged on the vehicle.

After Bailey repeatedly knocked on the driver's window, Defendant finally rolled the

window down. Upon Bailey's request, Defendant stepped outside the vehicle where he had trouble standing up. He fell against the vehicle numerous times. Bailey noticed a strong smell of alcohol on Defendant. His pupils were dilated and his eyes were red. Defendant had difficulty in speaking, and he was incoherent and confused. However, Bailey found no alcoholic beverages in the vehicle.

In answer to Bailey's question, Defendant said he had been driving from a party at T.J.'s Hickory House (some five or six miles from the accident scene) and had taken the back roads because he believed he was "under the influence."

While Bailey was driving Defendant to the sheriff's office, Defendant vomited on the dashboard and right front door of the patrol car. Subsequently, Defendant refused to submit to the breathalyzer test.

Before Bailey testified about Defendant's statements at the accident scene, Defendant's attorney objected on the ground that the corpus delicti had not been established in that there was no evidence Defendant was "operating" a motor vehicle. The trial court overruled the objection. Here, Defendant admits that the evidence shows someone was driving the vehicle prior to the accident but argues "no evidence was ever presented that anyone operated the vehicle in an intoxicated condition."

■ The corpus delicti of driving while intoxicated consists of evidence that someone operated a motor vehicle while intoxicated. *State v. Stimmel*, 800 S.W.2d 156, 158 (Mo. App.1990). "[U]nless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extrajudicial admissions, statements or confessions of the accused are not admissible in evidence." *State v. Johnston*, 670 S.W.2d 552, 554 (Mo.App.1984). "Proof of the corpus delicti need not include proof of the defendant's connection with the crime charged, that is, proof of the criminal agency of the defendant is not required as part of

2. Separate charges were initially filed in this matter. Later, the cases were consolidated for

trial.

the corpus delicti before admitting his confession in evidence." *Id.* (citations omitted). "In order for defendant's statement to be admissible, absolute proof that a crime was committed independent of his statement is not required. All that is required is evidence of circumstances tending to prove the corpus delicti corresponding with the confession." *State v. Hahn,* 640 S.W.2d 509, 510 (Mo.App. 1982). "Slight corroborating facts are sufficient to establish the corpus delicti." *Id.*

As we understand Defendant's argument, he claims the State's evidence failed to show that the operator of the vehicle was intoxicated at the time of the accident. *Stimmel* teaches that Defendant's argument lacks merit. There, the court discussed the necessity of independent proof of the Defendant's intoxication at the time of the accident and found the existence of such proof based on the testimony of Trooper Johnson, the investigating officer. When Trooper Johnson arrived at the scene of a one-vehicle accident on I-44, he observed a vehicle at the edge of the westbound lane facing east. The defendant stood next to the vehicle. Defendant had slurred speech, a flushed face, and a strong smell of intoxicants on his breath. Trooper Johnson concluded that defendant was intoxicated. Based on these facts, the court said "[t]his testimony is sufficient independent proof of circumstances" to show defendant was drinking at the time of the accident. 800 S.W.2d at 159. Thus, the court concluded that the defendant's statements were properly admitted.

Like the defendant in *Stimmel,* Defendant in this case exhibited numerous signs of intoxication. He was found inside his vehicle at the accident scene. Bailey obviously believed Defendant was intoxicated because he arrested him for driving while intoxicated. Based on *Stimmel,* this evidence is sufficient independent proof that Defendant was intoxicated at the time of the accident so as to allow the introduction of his statements in evidence. Point I is denied.

Defendant's next point alleges the trial court erroneously found Defendant guilty of driving while intoxicated and driving while revoked because the State failed to present sufficient evidence, absent Defendant's inad-missible extrajudicial statement, to establish that Defendant operated the vehicle. Because we have ruled Defendant's statement was admissible, this point is moot.

■ In Point III, Defendant claims the evidence was insufficient to convict him of driving while intoxicated because the State failed to prove he was intoxicated at the time of the alleged driving. We disagree.

In determining the sufficiency of the evidence to support the trial court's finding of guilty, we accept as true all evidence tending to prove Defendant's guilt, together with inferences favorable to the State that can be reasonably drawn therefrom, and we disregard all contrary evidence and inferences. *State v. Giffin,* 640 S.W.2d 128, 130 (Mo. 1982). If there is substantial evidence to support the trial court's findings, its judgment is to be affirmed. *Id.*

Although the evidence fails to show the interval of time between the accident and Bailey's arrival at the scene, the evidence does show Bailey went directly to the accident scene after receiving a call that an accident had "just occurred." A reasonable inference from this evidence is that Bailey arrived at the accident scene within a short period of time.

■ We agree with Defendant that "[p]roof of intoxication at the time of arrest, when remote from the operation of the vehicle, is insufficient in itself to prove intoxication at the time the person was driving. *State v. Block,* 798 S.W.2d 213, 215 (Mo.App. 1990). However, Defendant's reliance on *Block* is misplaced. While *Block's* two separate DWI convictions were reversed, the State's evidence in both cases lacked any extrajudicial statement by Block that he had been drinking or driving. *Id.* at 216. For that reason alone *Block* is not persuasive.

Defendant also relies on *State v. Liebhart,* 707 S.W.2d 427 (Mo.App.1986), a case where the court determined the evidence was insufficient to show defendant operated a motor vehicle while he was intoxicated. There, the defendant was involved in a one-car accident. When the officer arrived about fifteen minutes after the accident was reported, defendant was sitting in the driver's seat. He

appeared to be intoxicated and admitted drinking "15 beers but he did not say when he had drunk them." *Id.* at 428. In reversing the conviction, the court said:

> There is no evidence whatsoever as to the time of the accident or the interval between its occurrence and the officer's arrival on the scene. Moreover, the evidence fails to indicate whether appellant had access to intoxicating beverages at the accident site prior to the officer's arrival. The record shows only appellant's admission that he had drunk 15 beers. The record lacks facts establishing the time or place of consumption.

*Id.* at 429.

The facts in the instant case differ greatly from those in *Liebhart.* Here, the evidence indicated Defendant had no access to intoxicants at the accident site prior to Bailey's arrival. Unlike defendant's admission in *Liebhart,* the Defendant in this case admitted that he had been drinking at a party and was driving home via the back roads because he was driving "under the influence." In addition, he was extremely intoxicated when Bailey arrived. These facts, along with the physical evidence at the scene, are sufficient to show a violation of § 577.010, i.e., Defendant operated a motor vehicle while he was intoxicated. *See State v. Brown,* 749 S.W.2d 448, 450–51 (Mo.App.1988). Point III lacks merit.

■ As conceded by the State, Defendant's last point is meritorious. Defendant asserts the trial court erroneously found him guilty of driving while intoxicated as a class D felony because the State failed to prove that his two municipal court convictions for driving while intoxicated were before a judge who was an attorney and that Defendant was represented by an attorney or waived in writing his right to counsel. *See* § 577.023.1(1).

The State candidly admits that the record fails to show Defendant's prior municipal court conviction satisfied the requirements of § 577.023.1(1) so as to make Defendant a "persistent offender" for sentencing purposes. With equal candor, the State reveals that State's Exhibits 1 and 2 (the certified copies of the municipal court's judgment and sentence introduced in evidence) cannot be located.

Under these circumstances, the State asserts that the proper remedy is remand for resentencing. Defendant agrees that resentencing is necessary but suggests that his sentence after remand must be "commensurate with a misdemeanor conviction."

Because Defendant was improperly sentenced as a persistent offender, we vacate his sentence and remand the cause for resentencing as allowed in *State v. Cobb,* 875 S.W.2d 533 (Mo. banc 1994). *Cobb* does not limit the trial judge on remand to a sentence "commensurate with a misdemeanor conviction."

Therefore, the judgment of conviction for driving while intoxicated in No. 21495 is affirmed. Defendant's sentence as a persistent driving-while-intoxicated offender is reversed, and this case is remanded for resentencing with instructions to permit the State to present whatever evidence it has to establish Defendant's status as a persistent offender. *See Cobb* at 537.

The judgment of conviction in No. 21496 is affirmed.

SHRUM and BARNEY, JJ., concur.