**STATE of Missouri, Respondent,**

v.

**Billy HAHN, Appellant.**

**No. ED 76783.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 22, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 2001.

Application for Transfer Denied
Feb. 13, 2001.

Nancy L. Vincent, Jennifer S. Walsh, Asst. Public Defenders, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea L. Mazza, Asst. Atty. Gen., Jefferson City, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Billy Hahn ("Defendant") appeals a judgment on a conviction after a jury verdict finding him guilty of one count of sodomy, section 566.060 RSMo (1986), and one count of first-degree sexual abuse, section 566.100 RSMo (1986). After a habeas corpus proceeding and a finding defendant was effectively abandoned by counsel by a failure to file a timely notice of appeal, *State ex rel. Hahn v. Stubblefield,* 996 S.W.2d 103, 108 (Mo.App.1999), defendant was sentenced to concurrent terms of seven years' imprisonment and five years' imprisonment, respectively. On appeal, defendant argues the trial court erred in entering judgment on the sexual abuse count as there was no evidence defendant touched victim's anus. The defendant also contends the trial court erred in entering judgment on both counts as the state failed to show with evidence other than defendant's statement that he touched victim. Finally, defendant complains the trial court abused its discretion in allowing the state to introduce the victim to the jury. We reverse in part and affirm in part.

On the evening of July 3, 1994, victim's mother ("mother") and victim's father ("father") returned to their home after attend-

ing an all-day Fourth of July picnic. Defendant, mother's uncle, had spent the day with mother and father and returned to their home with them in order to view fireworks. While mother was searching for fireworks, she noticed defendant had disappeared. In her attempt to locate defendant, mother noticed victim's bedroom door was closed. Mother opened the door and heard the rustle of the plastic mattress protector. She discovered defendant lying on the bed next to victim who remained asleep. Victim's panties had been removed, and her nightgown had been pulled up to her chest. Defendant's pants were unbuttoned and pulled down to his groin.

Defendant excused himself and, covering his stomach, proceeded into the bathroom, complaining of sickness. Mother summoned father while defendant remained in the bathroom. Defendant eventually fled through the front door. He spent the night sleeping in his automobile and the next day walking around a wild life preserve. Defendant was later questioned by police and admitted that "he just rubbed her butt after he pulled down her pants" and that "[a]ll [he] did was rub her [vagina]." In a written statement, defendant confessed he had rubbed victim's "butt" but had had no intentions of having sex with her.

Defendant was found guilty of both sodomy and first-degree sexual abuse. Originally, he was sentenced to concurrent terms of twenty years' imprisonment for the sodomy count and five years' imprisonment for the sexual abuse count. Due to abandonment of counsel, this court vacated defendant's sentences in *State ex rel. Hahn v. Stubblefield*, 996 S.W.2d 103 (Mo. App.1999) and ordered resentencing. On August 27, 1999, defendant was resentenced to concurrent terms of seven and five years' imprisonment on the respective counts. This appeal follows.

1. Defendant is governed by the statute in effect at the time he acted. *State v. Gillespie,*

In his first point on appeal, defendant argues the trial court erred in entering judgment against him on the count of first-degree sexual abuse. The state concedes the evidence was insufficient to support the conviction as it failed to prove defendant touched the anus of victim. We agree the trial court erred.

■■■ A person commits the crime of sexual abuse if he subjects another person to whom he is not married to sexual contact without that person's consent by the use of forcible compulsion. Section 566.100.1(1) RSMo (1986).[1] "Sexual contact" means any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, for the purpose of arousing or gratifying sexual desire of any person. Section 566.010.1(3) RSMo (1986). "Anus" is defined as "the posterior opening of the alimentary canal." *State v. Strughold*, 973 S.W.2d 876, 883 (Mo.App. 1998) "Butt" is defined as "buttocks." *Id.* A "buttock" is defined as "either of the rounded parts at the back of the hips; either half of the rump." WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY 248 (2nd ed.1977). Evidence that a defendant touched a victim's "butt" or "buttocks" is insufficient to show the defendant touched victim's "anus." *Strughold*, 973 S.W.2d at 883–84. As defendant confessed he merely touched victim's "butt" and the state did not present other evidence showing defendant specifically touched victim's "anus," the conviction on the count of first-degree sexual abuse cannot stand.

In his second point on appeal, defendant contends the trial court erred in entering judgment against him as the state failed to establish the corpus delicti for the commission of both crimes. Defendant argues because the state failed to show with evidence other than his confession that he touched the victim, his convictions cannot

944 S.W.2d 268, 271 (Mo.App.1997).

stand. Because defendant's conviction on the count of first-degree sexual abuse is reversed, we consider this point only as it applies to defendant's conviction on the count of sodomy.

It is axiomatic that the state has the burden of proving the corpus delicti, i.e. the substantive elements of the charged offense. *State v. Duvall,* 787 S.W.2d 798, 800 (Mo.App.1990). Unless there is independent proof, either circumstantial or direct, of the essential elements of the corpus delicti, extrajudicial admissions, statements or confessions of the accused are not admissible in evidence. *State v. Girdley,* 957 S.W.2d 520, 522 (Mo. App.1997). In order for defendant's statement to be admissible, absolute proof that a crime was committed independent of his or her statement is not required. *Id.* at 523. All that is required is evidence of circumstances tending to prove the corpus delicti corresponding with the confession. *Id.* Slight corroborating facts are sufficient to establish the corpus delicti. *Id.*

At trial, mother testified she found defendant lying in bed with victim. Mother testified victim, who normally slept while wearing underwear, was found with her panties off and her nightshirt pulled up to her chest. In addition, mother testified that defendant's pants were unbuttoned and pulled down below his groin. We find this evidence sufficiently corroborates defendant's statements as to establish the corpus delicti. *See Girdley,* 957 S.W.2d at 523 (defendant's presence next to wrecked automobile with slurred speech, a flushed face, and strong smell of intoxicants on his breath constituted sufficient independent proof that defendant was intoxicated at time of accident so as to allow introduction of his inculpatory statements into evidence). Point denied.

In his final point on appeal, defendant contends the trial court abused its discretion in allowing the prosecutor to introduce the victim to the jury. Defendant argues since the four year-old victim remembered nothing of the incident and since her age and identity were not in dispute, the introduction of the victim had no legal or logical relevance. He contends the sole purpose of the introduction was to inflame the passions of the jury and to invoke prejudice against him.

Demonstrative evidence is admissible if it establishes a fact at issue, throws light on the issue, or aids the jury in any way in arriving at the correct verdict. *State v. Nyhuis,* 906 S.W.2d 405, 409 (Mo. App.1995). The state's right to offer relevant evidence and have it received is not extinguished by a defendant's stipulation of fact. *State v. Shaw,* 839 S.W.2d 30, 35 (Mo.App.1992). The admission of demonstrative evidence lies largely within the trial court's discretion and will be overturned only for an abuse of that discretion. *Nyhuis,* 906 S.W.2d at 408–09.

The trial court may have found introducing victim to the jury was relevant to show victim was under fourteen years of age, a requirement of sodomy. *See* section 566.060.3 RSMo (1986). In addition, images of the victims of crimes have been admitted by courts without the prejudicial effect outweighing the probative value. *See State v. Reynolds,* 837 S.W.2d 542, 546 (Mo.App.1992). According to the record, the state merely brought victim into the courtroom, read the stipulated facts concerning her age and residence, and resumed the testimony of another witness. At any rate, we cannot say the trial court abused its discretion in allowing victim to be presented to the jury.

The judgment on count I, sodomy, is affirmed. The judgment on count II, first-degree sexual abuse, is reversed.

WILLIAM H. CRANDALL Jr., J., concurs.

JAMES R. DOWD, J., concurs.