**William G. HAHN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80303.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 29, 2002.

Stacy F. Sullivan, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Asst. Attorney General, Jefferson City, MO, for respondent.

Before GARY M. GAERTNER, SR., P.J. and PAUL J. SIMON and CLIFFORD H. AHRENS, JJ.

### ORDER

PER CURIAM.

William Hahn (movant) appeals the judgment denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.

On appeal, movant contends the motion court erred when it denied his amended post-conviction motion because his trial counsel was ineffective for failing to elicit favorable evidence from the state's primary witness, Tabitha Smith, victim's mother. Ms. Smith testified at the preliminary hearing that if sexual contact had occurred, her daughter would have been awakened and movant's trial counsel failed to elicit this information at trial from Ms. Smith. We affirm.

State's Motion to Strike Movant's Exhibit B, which is an audiotape of the preliminary hearing, included testimony of Ms. Smith and a detective with the O'Fallon Police Department was ordered taken with case and is denied.

This is the third time we are reviewing proceedings involving movant. On April 19, 1995, movant was found guilty by a jury of one count of sodomy, section 566.060 RSMo (1994) and one count of first-degree sexual abuse, section 566.010 RSMo (1994). The trial court found movant to be a prior and persistent offender and sentenced him to concurrent sentences of twenty years and five years.

Subsequently, movant filed a petition for habeas corpus. In *State Ex Rel. Hahn v. Stubblefield*, 996 S.W.2d 103 (Mo.App. E.D.1999), we concluded that movant was effectively abandoned by his counsel's failure to file a timely notice of appeal and we remanded the cause with direction to vacate and set aside movant's sentences. On remand, movant was sentenced to concurrent terms of seven and five years, respectively. Movant appealed and we affirmed his sentence on the sodomy charge and reversed his sentence on the sexual abuse charge. *State v. Hahn*, 35 S.W.3d 393 (Mo.App. E.D.2000).

Later, movant filed a Rule 29.15 motion to vacate, set aside or correct the judgment and sentence and requested an evidentiary hearing. State filed a motion to dismiss movant's motion and request for evidentiary hearing because movant failed to demonstrate there was "any reasonable probability that had Movant's counsel asked witness Smith the same question that was asked at the preliminary hearing, it would have elicited the same testimony, that it would have changed the outcome of the proceeding, or that because of it the Movant was denied a fair trial." On August 7, 2001, the motion court granted the state's motion to dismiss and denied movant's motion without an evidentiary hearing and entered findings of fact and conclusions of law finding that trial counsel did cross-examine Ms. Smith about the victim's sleeping habit and that movant verbally confessed and made a written statement stating that he was in the victim's bed and committed the acts charged. Pursuant to Rule 84.16(b), we affirm the judgment.

Judgment affirmed.