**STATE of Missouri, Plaintiff–Respondent,**

v.

**David L. YONTS, Defendant–Appellant.**

**No. 24594.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 6, 2002.

---

Amy M. Bartholow, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Sara L. Trower, Assistant Attorney General, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

David Yonts ("Appellant") appeals from his conviction of recklessly exposing another to HIV in violation of § 191.677.[1] On November 6, 2001, the trial court sentenced Appellant to one year of imprisonment in the Missouri Department of Corrections. Appellant's only point on appeal involves the issue of whether the trial court erred in allowing evidence of how Appellant contracted HIV. We affirm.

Appellant does not contest the sufficiency of the evidence. On September 22, 1998, a physician informed Appellant that he had contracted HIV. Appellant was counseled on safe sex practices, but his doctor was unable to recall if the issue of informing any new sex partners of his illness was discussed because Appellant was in a steady, monogamous, sexual relationship when he was diagnosed. Appel-

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

lant and J.H. had met approximately 20 years before becoming reacquainted at a local convenience store in June 2000. Subsequently, Appellant began calling and/or visiting J.H. at her apartment on a daily basis. Sometime between June 10–13, 2000, Appellant came to J.H.'s apartment and told her he was leaving his wife and wanted to stay with her. That night Appellant stayed with J.H. at her apartment and engaged in sexual intercourse with her. Although Appellant testified that he always used protection during sexual intercourse with J.H., J.H. testified that she and Appellant never used protection from sexually transmitted diseases when they had sexual intercourse and that Appellant ejaculated inside her the first night they were together. Appellant lived with J.H. for approximately one month before moving back in with his wife. After moving back in with his wife, Appellant continued to engage in sexual intercourse with J.H.

There is some dispute as to when J.H. found out that Appellant had HIV. J.H. testified that she heard rumors that Appellant had AIDS or was HIV-positive before and after beginning a sexual relationship with him. J.H. also testified that she confronted Appellant about the rumors and that he continued to deny that he had HIV until he informed her that he was HIV-positive in March 2001. J.H. continued to engage in sexual intercourse with Appellant after learning that he had HIV because Appellant told her that he could have safe sex because of the medication he was taking. In early April 2001, J.H. was tested for HIV and the results were negative. When J.H. was tested, she learned that there are not any medications available to prevent the transmission of HIV through sexual intercourse. Appellant testified that he told J.H. that he had HIV in May 2000, which was prior to engaging in sexual intercourse with her.

During the prosecution's cross-examination of the appellant, the prosecutor asked Appellant how he contracted HIV. Defense counsel objected on the basis of relevance, but was overruled. In response to the prosecutor's question, Appellant responded "I really have no idea. I mean, I could speculate but, I mean—when I was younger, I wasn't a very good boy. But as far as—I wasn't very promiscuous sexually either."

Appellant's only point on appeal is that the trial court erred in overruling defense counsel's objection and admitting evidence of how Appellant contracted HIV on cross-examination. Appellant contends that the evidence was beyond the scope of Appellant's examination in chief, was irrelevant to any fact in issue, and is prejudicial to Appellant because it led the jury to infer that Appellant contracted HIV through misconduct. He claims the prosecutor's inquiry and his answer led the jury to the conclusion that Appellant contracted HIV through "some bad behavior on his part."

Evidence presented at trial is reviewed in the light most favorable, to the verdict. *State v. Clayton*, 995 S.W.2d 468, 474 (Mo. banc 1999). In deciding the permissible scope of cross-examination, the trial court is vested with broad discretion. *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995). Error by the trial court will be found only where there was clearly an abuse of discretion. *Clayton*, 995 S.W.2d at 474. However, the trial court's ruling on the admission of evidence will only be reversed if "the error was so prejudicial that it deprived the defendant of a fair trial." *Id.* quoting *State v. Morrow*, 968 S.W.2d 100, 106 (Mo. banc 1998).

First, Appellant contends that the prosecutor's cross-examination of the appellant went beyond the proper scope because the manner in which Appellant contracted HIV was not generally referred to

in his examination in chief. Appellant's contention appears to be correct in that there was no question in the direct examination concerning the manner in which Appellant contracted HIV. As a general rule, a criminal defendant may testify at his option and may be cross-examined limited to "any matter referred to in his examination in chief" and impeachment.[2] This limitation provided in § 46.260 does not confine the State to a categorical review of the evidence given on defendant's direct examination. *State v. Applewhite*, 682 S.W.2d 185, 188 (Mo.App. S.D.1984). The State may cross-examine the defendant "in detail as to matters generally referred to in his examination in chief." *Id.* However, this wide latitude on cross-examination "does not extend to incompetent, irrelevant, and immaterial matters." *State v. Mull*, 318 Mo. 647, 300 S.W. 511, 514 (1927).

■ Appellant contends that evidence of how he contracted HIV was irrelevant and that through the admission of this evidence the jury was led to the conclusion that Appellant contracted HIV through IV drug use or sexual promiscuity. In this case, evidence of how Appellant contracted HIV does not appear to be logically relevant. In order to prove that Appellant violated § 191.677, the State was required to show that (1) Appellant had contact with blood, semen, or vaginal fluid in the course of sexual intercourse with J.H.; (2) Appellant was infected with HIV at the time of that contact; (3) at the time of that contact Appellant knew he was infected with HIV; (4) by such contact Appellant recklessly exposed J.H. to infection with HIV; and (5) this exposure to infection with HIV was without the knowledge and consent of J.H.[3] The manner in which Appellant contracted HIV was not an element of the offense of which he was charged, nor did such evidence tend to prove any element required to show of a violation of § 191.677. Therefore, evidence of how Appellant contracted HIV was not logically relevant because it did not have a legitimate tendency to establish Appellant's guilt of recklessly exposing J.H. to HIV.

■ Although evidence of the manner in which Appellant contracted HIV was irrelevant, the trial court's ruling will be reversed only if the erroneously admitted evidence was also so prejudicial as to deprive Appellant of a fair trial. *Clayton*, 995 S.W.2d at 474. Appellant's concern is the inference by the jury that he either contracted HIV by needle or promiscuous sex because the jury had been told by an expert witness that the only ways to contract HIV are through sexual contact or needles. There was much more probative evidence that was admitted without objection on the possibility of contracting HIV by sexual contact or needles. Appellant admitted on his examination in chief to having a conviction for distribution or sale of a controlled substance prior to the prosecutor's inquiry as to how he had contracted HIV. As to being "promiscuous", there was no dispute that Appellant had an extra-marital affair with J.H. Such evidence is more likely to lead to an inference of sexual promiscuity than Appellant's response. "If evidence is improperly admitted, but other evidence establishes essentially the same facts, there is no prejudice to the accused and no reversible error." *State v. Ponder*, 950 S.W.2d 900, 910 (Mo. App. S.D.1997). Further, the prosecutor inquired about how Appellant contracted HIV only once and never referred to it again. Therefore, because the improperly admitted evidence led to essentially the

---

**2.** *See* § 546.260 RSMo (2000).

**3.** *See* MAI–CR3d 332.80.

**520**

same fact or inference as properly admitted evidence, Appellant was not prejudiced.

The record contains ample evidence to establish that Appellant violated § 191.677 and the jury recommended a sentence of one year imprisonment. The range of sentencing available was from a fine not exceeding $5,000 up to five years' of imprisonment in the Missouri Department of Corrections. Therefore, it does not appear that the improperly admitted evidence prejudiced the Appellant to such an extent that he was deprived of a fair trial. The point is denied.

The judgment is affirmed.

PARRISH, J., and SHRUM, J., concur.