STATE of Missouri, Plaintiff–
Respondent,

v.

Randall COPELAND, Defendant–
Appellant.

No. 24556.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 29, 2003.

Irene Karns, Assistant State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

Randall Copeland ("Defendant") appeals his conviction for first-degree sodomy in violation of § 566.062.[1] He urges reversal upon the following grounds: (1) there was insufficient evidence to prove Defendant penetrated Victim's anus with his finger or penis; (2) the trial court plainly erred by allowing the jury to consider hearsay testimony; and (3) the trial court erred when it did not, *sua sponte*, order an in-camera videotaped deposition of Victim for use at trial. Finding the second claim was unpreserved, and the first and third claims lack merit, we affirm the judgment of conviction and sentence.

## FACTS

Defendant is the biological father of Victim. Victim's mother ("Melanie") fled the family home in April 2000 because Defendant had "beat her up." At the time, Defendant would not let Melanie take Victim (who was then nine years old) or their two younger children with her. When the children were returned to Melanie on May 24, 2000, they made remarks that ultimately led to a Division of Family Services ("DFS") investigation. As Victim talked with Susan Richard (a child abuse investigator) about Defendant's repeated physical abuse of him, he [Victim] "spontaneously said that [his] father touches me in bad spots[ ]"—his penis (which he called his "pee-pee") and his "butt." Victim believed this touching had happened "almost all the time" since he was a baby. His first actual recollection, however, of Defendant doing this was when he was five years old. Continuing, Victim told Richard that Defendant rubbed his [Victim's] "pee-pee" and "butt" with his hand "almost all the time." The last such instance was in May 2000, just before Victim was reunited with his mother. Victim stated Defendant repeatedly told him not to tell anyone. Richard concluded Victim was "very frightened" of Defendant.

Later, when Celeste Williams (a sexual assault nurse examiner and licensed SAFE care provider) interviewed Victim, he would not repeat what he told Richard regarding Defendant's conduct. Even so, after Williams asked Victim what Defendant touched him with, he held up his hand. Williams also asked Victim if it ever hurt, and Victim responded by shaking his head yes and claimed it "stung" sometimes. When Williams did a physical exam

---

1. All statutory references are to RSMo (2000) unless otherwise stated.

of Victim, she found that within two seconds of spreading Victim's buttocks, his anus dilated to almost an inch. Williams testified, that under normal circumstances, full dilation of the anus takes approximately thirty seconds and is no more than 20 millimeters (approximately 3/4th of an inch). She also observed the rugae of Victim's anus were flattened or decreased.[2] Williams opined that the abnormal dilation of Victim's anus and the flattened rugae were "highly suggestive" of chronic penetration of Victim's anus.

Elbert Bolsen, a licensed clinical psychologist, began treating Victim in August 2000. He testified that Victim spoke of the physical abuse inflicted upon him, but not the sexual abuse because it was too painful for Victim to discuss. Victim did tell Bolsen, however, that Defendant "put drugs up my butt." Bolsen testified Victim "evidenced" a great deal of pain from trauma and diagnosed Victim as having a post-traumatic stress disorder.

At trial, Defendant took the stand and denied any sexual abuse of Victim. A defense witness, Dr. Robert Paschall, disagreed with Williams' conclusion that her exam of Victim suggested penetration. He opined that her findings revealed a normal anus and testified that he saw similar results routinely on non-penetrated children.

The jury found Defendant guilty of first-degree sodomy. Defendant was sentenced as a prior offender to a term of forty years in the Department of Corrections. This appeal followed.

**2.** The "rugae" were described as the wrinkles or creases around Victim's anus.

**3.** "A person commits the crime of statutory sodomy in the first degree if he has deviate sexual intercourse with another person who is less than fourteen years old." § 566.062.1.

## DISCUSSION AND DECISION

### Point I: Sufficiency of the Evidence Question

■ In his first point, Defendant urges reversal because "there was insufficient evidence that [Defendant] ever penetrated his son's anus[ ]" with his finger or penis, which was an essential element of the crime of first degree sodomy.[3] He claims Victim consistently told the DFS worker that Defendant touched him in "bad spots," i.e., on his "pee-pee" and his "butt." Relying on *State v. Hahn*, 35 S.W.3d 393 (Mo.App.2000), he argues that "butt" and "anus" are not synonymous terms. *Id.* at 395. Going further, Defendant claims that since Victim only accused him of touching Victim's "butt," this testimony was insufficient to prove he touched Victim's *anus*. Moreover, Defendant argues this testimony was entirely insufficient to prove he penetrated Victim's anus with his finger or penis.

When the issue is the sufficiency of evidence, appellate review is limited to deciding if there was sufficient evidence from which a reasonable finder of fact could have found the accused guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52[3] (Mo.banc 1998). In applying this standard, the reviewing court accepts all facts and inferences reasonably drawn therefrom in the light most favorable to the state, and all contrary facts and inferences are disregarded. *State v. Young*, 42 S.W.3d 729, 732–33[2] (Mo.App. 2001). "The determination of a witness' credibility and the effects of conflicting or inconsistent testimony are for the trier of

Deviate sexual intercourse means "a sexual act involving the penetration, however slight, of … the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." § 566.010(1).

fact." *State v. Barnes*, 980 S.W.2d 314, 320[15] (Mo.App.1998).

Defendant's reliance on the *Hahn* case is misplaced. The defendant there was charged and convicted of sexual abuse based *solely upon his confession* that he had rubbed the victim's "butt" after pulling her pants down.[4] After discussing, via dictionary definitions, that "butt" and "anus" are not synonymous terms, the *Hahn* court held:

> "Evidence that a defendant touched a victim's 'butt' or 'buttocks' is insufficient to show the defendant touched victim's 'anus.' As defendant confessed he merely touched victim's 'butt' and the *state did not present other evidence showing defendant specifically touched victim's 'anus'*, the conviction on the count of first-degree sexual abuse cannot stand."

*Id.* at 395[3] (emphasis supplied) (citation omitted). This excerpt from *Hahn* demonstrates reversal occurred there because the state made no effort to establish that the victim's anus was part of the anatomy to which defendant was referring when he admitted rubbing the victim's "butt." The state also failed to produce medical evidence of physical injuries to the victim consistent with sexual contact. Those are not the facts of this case.

Here, a nine-year-old victim used the term "butt," both in reference to Defendant's acts and his own acts; whereas in *Hahn*, it was the adult defendant who said he merely touched the victim's "butt." The significance as to the age of the person using certain terminology is explained in *State v. Moore*, 721 S.W.2d 141 (Mo. App.1986):

> "Defendant ... argues there is no evidence his penis actually touched the child's anus, and not some other part of his 'behind.' He cites us an Illinois opinion holding, testimony such as 'in my butt,' and his penis was along 'my cheeks,' did not establish penis to anus contact. *People v. Oliver*, 38 Ill.App.3d 166, 347 N.E.2d 865 (1976). The victim in *Oliver* was an adult presumably able to express herself; here, the use of the term 'behind' by an eight year old child, both in reference to defendant's acts and his own acts, supports a finding that 'behind' means anus."

> "The child's testimony, combined with the evidence of [abnormal redness or 'erythema around the anus'] supports a finding of contact 'involving the genitals of one person and the ... anus of another person....' "

*Id.* at 143.

In this case, Victim told investigators: Defendant rubbed his "butt" with his hand "almost all the time[;]" sometimes this activity "stung[;]" Defendant "rubbed" Victim's "butt" in late May 2000, just before Victim was returned to his mother; and sometimes Defendant stuck "drugs" up Victim's butt. Victim's statement that Defendant "put drugs up [his] butt" supports a finding that "butt" meant "anus" and that "drugs" meant lubricant or other medication "up" Victim's anus. Viewed in conjunction with the abnormalities of his anus and the nurse's testimony of chronic penetration of Victim's anus, Victim's testimony supports a finding of penetration of

---

**4.** The conduct that led to Hahn being charged with sexual abuse occurred on July 3, 1994. Under the statute in effect, § 566.100.1(1), RSMo (1986), sexual abuse was committed if a person subjected another to whom he was not married to sexual contact without that person's consent by the use of forcible compulsion. Section 566.010.1(3), RSMo (1986), defined "sexual contact" as any touching of the genitals or anus of any person for the purpose of arousing or gratifying the sexual desire of any person. *Hahn*, 35 S.W.3d at 395.

Victim's anus with Defendant's finger or penis under § 566.062. *See Id.* Defendant's first point is denied.

### Point II: Hearsay Evidence Issue: Request For Plain Error Review

■ In his second point on appeal, Defendant alleges the trial court committed plain error when it allowed the child abuse investigator (Richard), the SAFE examiner (Williams), and Victim's psychologist (Bolsen) to testify as to what Victim told them regarding the sexual abuse by Defendant.[5] Defendant argues that Victim's "hearsay statements" did not contain "sufficient indicia of reliability to qualify them as an exception under [§ 491.075] to the bar against the admissibility of hearsay evidence." As such, Defendant claims his right to confront the witnesses against him has been violated.

By requesting plain error review, Defendant concedes what the record shows, i.e., that he did not contemporaneously object to the allegedly improper hearsay testimony regarding what Victim told the investigators. Failing to object to the admission of testimony waives the alleged error for appellate review. *State v. Crenshaw,* 59 S.W.3d 45, 48 (Mo.App.2001). An appellate court has discretion to consider unpreserved, plain errors affecting substantial rights. Rule 29.12(b).

■ In reviewing for plain error, Defendant must show the hearsay testimony "so substantially impacted upon his rights that manifest injustice or a miscarriage of justice will result if the error is left uncorrected." *State v. Hornbuckle,* 769 S.W.2d 89, 93 (Mo.banc 1989). However, "[p]lain error must be exercised sparingly." *State v. Fogle,* 743 S.W.2d 468, 470 (Mo.App. 1987). "[U]nless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this Court will decline to exercise its discretion to review for plain error." *State v. Brown,* 902 S.W.2d 278, 284[2] (Mo.banc 1995); *State v. Heckenlively,* 83 S.W.3d 560, 567[11] (Mo.App.2002).

Here, we decline to exercise our discretion to review under the plain error standard. Even if the statements were inadmissible under the statute, the majority of the statements, about which Defendant complains, were merely cumulative of testimony already elicited or were utilized by Defendant for his own benefit.[6] *See State v. Yonts,* 84 S.W.3d 516, 519 (Mo.App.2002) (holding no prejudice results if evidence that is improperly admitted is established by other evidence); *State v. Cole,* 844 S.W.2d 493, 500 (Mo.App.1992) (holding no plain error when an accused uses improperly admitted evidence for own benefit).

Because Defendant has not "facially establishe[d] substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted[,]'" *Brown,* 902 S.W.2d at 284, Defendant's request for plain error review is denied.

### Point III: Lack of "in-camera" videotaped deposition of Victim

■ Defendant's third point maintains the trial court erred when it did not, *sua sponte,* order a videotaped "in-camera" de-

---

5. Because Defendant fails to specifically point to those statements he alleges were erroneously admitted, this court assumes he complains of the following statements: Defendant touched Victim in "bad spots," i.e., his "peepee" and "butt[;]" Defendant touched Victim with his hand and that it "stung[;]" and Defendant put "drugs up [Victim's] butt."

6. The record reflects that the defense's strategy was to bring in all accusations in effort to show that, due to the physical abuse, Victim was trying to get out of the home by making false accusations.

position of Victim. Defendant argues the lack of a videotaped deposition violated his confrontation rights under the federal and state constitutions.

Defendant premises his claim of error on § 491.680. In pertinent part, subsection 2 thereof provides:

"2. If the court finds, at a hearing, that significant emotional or psychological trauma to the child which would result from testifying in the personal presence of the defendant exists, which makes the child unavailable as a witness at the time of the preliminary hearing or trial, *the court shall order* that an in-camera videotaped deposition of the testimony of the alleged child victim be made for use as substantive evidence at the preliminary hearings and at trial." (Emphasis added.)

Through this statute, the legislature established a procedure meeting both federal and state constitutional confrontation requirements. *State v. Naucke*, 829 S.W.2d 445, 452–54 (Mo.banc 1992). In this instance, however, Defendant affirmatively represented to the trial judge that he did not intend to take advantage of the procedure afforded him via § 491.680. This occurred as follows.

At an undisclosed date (sometime after the information was filed but before June 1, 2001), Defendant deposed Victim. Apparently, this deposition was taken pursuant to Rule 25.12.[7] Then, Defendant subpoenaed Victim to testify at Defendant's trial, which was scheduled for June 1, 2001. The State moved to quash the subpoena, and the case was taken off the setting. Following an evidentiary hearing, the court sustained the State's motion to quash the subpoena without ordering a videotaped, in-camera deposition. However-

er, Defendant neither asked the court to order such a deposition, nor did he object to going to trial without it. During the hearing, defense counsel told the trial judge he had taken Victim's deposition and "felt [it] was very good."

As the case moved toward trial, defense counsel and the prosecutor signed a "stipulation for admission of deposition." The stipulation, which was filed with the circuit clerk on August 8, 2001, has not been filed with this court. At the pre-trial conference on August 14, 2001, however, defense counsel told the trial judge the stipulation dealt with the discovery deposition of Victim, and he (defense counsel) intended to read it into the record. The prosecutor clarified that the stipulation contemplated Defendant reading the deposition to the jury, but he would object if the deposition was offered as an exhibit. The trial judge's response assured the prosecutor he would "sustain ... that objection." With these announcements, Defendant proceeded to trial without requesting a videotaped, in-camera deposition of Victim and without objecting to its absence.

■ Defendant now argues he was prejudiced by the absence of an in-camera, videotaped deposition because its absence deprived him of the opportunity to have the jury view the demeanor and appearance of Victim as they would have if Victim testified at trial. It is clear, however, that the prejudice (if any) to Defendant, resulting from the absence of the videotaped deposition, was caused by Defendant's own conduct. Specifically, Defendant opted not to insist on the § 491.680 procedure after Victim was ruled unavailable for trial. Moreover, Defendant affirmatively represented to the trial judge that he intended to use Victim's discovery deposition to

7. Rule 25.12 provides, *inter alia,* that "[a] defendant in any criminal case pending in any court may obtain the deposition of any person on oral examination...." We say apparently

because neither the deposition nor the notice calling up the motion have been filed with this court.

present the jury with what he wanted them to hear from Victim's testimony. "As with invited error, *see State v. Ray,* 647 S.W.2d 522, 524 (Mo.banc 1983), a party may not complain of prejudice which his own conduct creates." *State v. Byrd,* 676 S.W.2d 494, 500[4] (Mo.banc 1984).

It is true that § 491.680 does not require Defendant to request the videotaped deposition as a precursor to the trial court ordering it. However, Defendant did more than stand silent; he requested relief different from what the statute provided, i.e., he asked for and was given leave to read Victim's discovery deposition to the jury. Once the trial court granted Defendant's request, nothing was preserved for appellate review. *State v. Woodworth,* 941 S.W.2d 679, 698[31] (Mo.App.1997).

A contrary holding would allow Defendant to represent to the court he intended to use Victim's discovery deposition, then sit idly by without presenting such evidence, take his chances with the jury, and then if he lost, bring up the absence of a videotaped, in-camera deposition for the first time on appeal. A party simply cannot lead a court into error, and then employ that error as a source of complaint on appeal. *See Byrd,* 676 S.W.2d at 500; *Calarosa v. Stowell,* 32 S.W.3d 138, 146[13] (Mo.App.2000); *State v. Robinson,* 696 S.W.2d 826, 835–36 (Mo. App.1985).

Adhering to the foregoing, we hold Defendant cannot complain of possible prejudice that his own conduct created; consequently, his point lacks merit and must be denied. The judgment of conviction and sentence is affirmed.

PREWITT, P.J., and PARRISH, J., concur.